### R. W. Yeager v. Emily Neil et al.

#### Decided June 14, 1901.

**1.—Assignment of Error.**

An assignment of error not followed by any proposition, and which alleges merely that "the special findings of the jury were not sufficient to authorize the judgment," will not be considered, because too general and not in itself a proposition.

**2.—Same—Case Tried on Special Issues.**

Where the case was submitted below on special issues, an assignment of error predicated on the trial court's refusal to submit certain other special issues as requested, can not be sustained where the record does not show that appellant, as required by the statute, requested the court in writing to submit such other issues. Rev. Stats., art. 1331.

**3.—Trust—Repudiation—Notice.**

Plaintiff, having bought land from a county under a contract which provided that upon default in payment of the purchase money the sale might be canceled by the county, deeded the land to defendants under an agreement that he should pay the purchase money to the county, procure a deed to himself, and reconvey the land to plaintiff's son in trust for her, taking notes which would give an extension of time. Defendant applied to the commissioners court for the deed, but it was refused, after which he told plaintiff's son that he would have nothing more to do with the matter, but did not notify plaintiff, or reconvey to her, and subsequently, upon a cancellation by the commissioners court of the contract of sale for nonpayment by plaintiff of the purchase money, defendant bought the land from the county for the balance of principal and interest due thereon by plaintiff, and as defendant had previously agreed with the court to do. Held, that the trust relation between plaintiff and defendant continued to exist, and by virtue thereof defendant's purchase from the county inured to plaintiff's benefit.

Appeal from Collin.    Tried before Hon. J. E. Dillard.

*Abernathy & Beverly,* for appellant.

*Smith & Merritt,* for appellees.

PLEASANTS, Associate Justice.—In 1877 Collin County sold the land in controversy in this suit to George Neil, the husband of appellee, Emily Neil, for $360 to be paid in twenty years, with interest at the rate of 10 per cent per annum, payable annually. No deed was executed to said George Neil, but he was given a certificate of purchase which contained a provision by which the county reserved the right to cancel said

sale by order of the commissioners court in event default was made in the payment of any portion of said $360, or any interest that might accrue thereon. At the time of this purchase George Neil and Emily Neil were husband and wife, and they at once established their home on said land, and the said Emily has continuously occupied same as her home since said time. George Neil died in 1894, leaving no children. At the time of his death he had paid $495.33 interest on the purchase money of said land, but had paid no part of the principal. In 1895 the appellant Yeager and appellee Emily Neil entered into an agreement by the terms of which Emily and her two sons, Ike Stimson and Tom Stimson, were to deed the land to Yeager and he was to pay off the indebtedness due the county, procure a deed from the county, and then reconvey the land to Ike Stimson, taking his note for the amount so paid by Yeager to the county, due in three years, with 10 per cent interest, the title to be so taken in the name of Stimson in trust for the benefit of said Emily. In pursuance of this agreement the deed to Yeager was executed. The appellee, Emily Neil, is an illiterate negro woman, 70 years of age, can neither read nor write, and did not understand the effect of the deed executed by her, but supposed she was getting an extension of the indebtedness on her land, and that the paper she was executing was only to secure Yeager and to save her home from being sacrificed by a foreclosure of the lien held by the county. Yeager, after receiving this deed in 1895, applied to the Commissioners Court of Collin County for a deed to the land, and offered to pay the amount due thereon. The court declined to deed him the land on the ground that all of the heirs of George Neil had not signed the deed to him. Yeager then told Stimson that he could do nothing further in the matter, but he did not notify Emily that he had abandoned the agreement with her, and did not return or cancel the deed executed to him by her.

When the note given by George Neil became due in January, 1897, the Commissioners Court of Collin County entered an order forfeiting the sale of the land to said Neil, and making sale of same to the appellant Yeager for the balance of the principal and interest due on the Neil note, of which amount Yeager paid $60.27 in cash, and for the balance ($600) executed his note to the county due in ten years, with interest at the rate of 10 per cent per annum. At the time Yeager purchased the land, the improvements placed thereon by George and Emily Neil were worth $280. Shortly after his purchase from the county he sold the land to one Mattingly for $1800, but subsequently repurchased from Mattingly for $1825. Yeager did nothing to induce the commissioners court to forfeit the sale to Neil, but he had an understanding with the court before the forfeiture was made that he would take the land and pay the amount due on the Neil indebtedness. Emily Neil was not notified of the forfeiture, and did not know that same had been made; nor that Yeager was claiming title to the land, until he attempted to distrain the crops raised on the place in 1897. This suit was brought by Emily Neil against R. W. Yeager, Collin County, Ike Stimson, and

Tom Stimson, to establish her equity in the land and to cancel the deed from herself and the defendants Stimson to Yeager, and also the deed from Collin County to said Yeager. This is the second appeal. The petition upon which the case was tried is set out in full in the opinion rendered upon the former appeal. Neil v. Yeager, 22 Texas Civ. App., 628. The cause was tried by a jury in the court below, and upon appellant's request was submitted upon special issues. On the verdict returned by the jury the court rendered a judgment in favor of plaintiff for the land, canceling the deeds above mentioned, fixing a lien on said land in favor of Collin County to secure the $600, and also fixing lien in favor of appellant to secure the payment to him of $185, same being the sum of interest and taxes paid by said Yeager on said land and the amount expended by him in making improvements thereon, and adjudging the costs against appellant. From this judgment the defendant Yeager alone appeals.

Appellant's first assignment of error is as follows: "The special findings of the jury were not sufficient to authorize judgment of the court; but the court should have rendered the judgment for the defendant." This assignment is insufficient under the rules to entitle it to consideration: (1) Because it is too general, and does not point out in what particular the findings of fact by the jury are insufficient to support the judgment; and (2) because it is not in itself a proposition, and is not followed by a proposition as required by rule 29 of Rules for Courts of Civil Appeals. Cooper v. Heiner, 91 Texas, 658.

The second, third and fourth assignments complain of the action of the trial court in refusing to submit to the jury additional special issues requested by the appellant. None of these assignments can be sustained, because the record does not show that the appellant requested the court in writing to submit any spcial issues to the jury and that such request was refused by the court. There is a bill of exceptions in the record showing that the court was requested by appellant to submit certain issues to the jury, and that such request was refused, but the bill does not show that the request was made in writing. Rev. Stats., art. 1331.

The remaining assignments of error contained in appellant's brief can not be considered. Said assignments are not numbered consecutively as required by the rules; none of them are followed by a proposition, nor are they propositions within themselves, and under the authority before cited they will be treated as abandoned.

An inspection of the record discloses no fundamental error, and we are of opinion that under the pleading and evidence in the case no other verdict and judgment than one in favor of appellee, Emily Neil, could have been rendered. The plaintiff having conveyed her equitable title or interest in the land to the appellant upon the express agreement that he would relieve the land of the lien thereon in favor of Collin County and then reconvey the same to her son for her benefit, appellant thereby became the trustee of plaintiff for the purposes expressed in said agreement. So long as this trust relation existed he could not deal with said

land except in his trust capacity, and any title he might acquire in same or any arrangement he might make with Collin County in regard to the extension or release of said lien would inure to the benefit of plaintiff. The fact is undisputed that he did not notify plaintiff prior to his purchase from the county that he had repudiated his trust, and he had not canceled the deed from plaintiff to himself, nor reconveyed to her. Under these facts he will not be heard to say that he was not acting for plaintiff in the purchase of the land from Collin County. Macay v. Martin, 26 Texas, 57; Satterwhite v. Loomis, 81 Texas, 64.

It is true the evidence shows that appellant did nothing to induce the commissioners court to forfeit the sale to George Neil, but this fact in no way militates against the holding that Yeager, in the purchase of the land, must be considered as the trustee of plaintiff. His trust relation arose from the agreement between him and the plaintiff by which he was to procure the land from the county for her benefit and was in no way affected by the fact that the court deemed it necessary to forfeit the contract with George Neil before they could sell the land to appellant. The undisputed evidence shows that it was agreed between the court and Yeager before the forfeiture was made that he should have the land for the balance due on the Neil contract, and it was sold to him for that amount, and the evidence further shows that the value of the land was largely in excess of said amount.

We think from the circumstances under which appellant acquired this land it would be against equity to permit him to hold it discharged of the trust in favor of Emily Neil. The judgment of the court below will be affirmed.

*Affirmed.*

Writ of error refused.