HERMAN et al. v. SMITH.

(Court of Civil Appeals of Texas. San Antonio. Nov. 29, 1911. Rehearing Denied Jan. 3, 1912.)

1. APPEAL AND ERROR (§ 216*)—SPECIAL ISSUES — QUESTIONS RAISED FOR FIRST TIME ON APPEAL.

Where each party permitted the court to submit the cause on a single issue in the submission of special issues within Rev. St. 1895, art. 1331, providing for a special verdict and declaring that the failure to submit any issue shall not be a ground for reversal unless its submission has been requested by the party complaining, the losing party could not for the first time on appeal complain of the trial court's failure to submit other issues.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 216;* Trial, Cent. Dig. § 627.]

2. TRIAL (§ 256*)—INSTRUCTIONS—REQUESTS.

Where, on the issue whether a wife had abandoned the homestead, the evidence showed that she did not leave her husband or abandon the home, but that he often left the home and remained away, and that on one of such occasions she went away not intending to leave him or abandon the home, a charge that if the husband's neglect or mistreatment caused the wife to leave, and she left the homestead with no intention to return, she did not lose her homestead rights, properly submitted the issue of the wife leaving the homestead by the neglect and mistreatment of the husband, and a party desiring submission of the issue as to whether the act of the wife was voluntary must request a charge thereon.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 628–641; Dec. Dig. § 256.*]

3. HOMESTEAD (§ 163*)—ABANDONMENT—ACTS CONSTITUTING.

A wife, compelled in consequence of her husband's treatment to leave his home temporarily, either from necessity to make a living

or other causes not of her own making, does not thereby lose her homestead rights.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 320–326; Dec. Dig. § 163.*]

4. HOMESTEAD (§ 162*) — "ABANDONMENT" — ACTS CONSTITUTING.

An "abandonment" of a homestead is accomplished only by removal therefrom coupled with an intention never to return.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 315–319; Dec. Dig. § 162.*

For other definitions, see Words and Phrases, vol. 1, pp. 4–13; vol. 8, p. 7559.]

5. APPEAL AND ERROR (§ 1033*)—ERRONEOUS INSTRUCTIONS—RIGHT TO COMPLAIN.

A party cannot complain of an instruction too favorable to him and too stringent against the adverse party.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4056–4058; Dec. Dig. § 1033.*]

6. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—SUFFICIENCY.

An assignment of error that the court erred in sustaining plaintiff's exceptions,' followed by the proposition that defendant had a right to plead the facts, will not be considered where the contents of the pleading complained of are not set out, and it is not shown how or in what way defendant suffered an injury.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

Appeal from District Court, Bexar County; J. L. Camp, Judge.

Action by Mrs. Addie Smith against Oswald Herman and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Salliway & McAskill, for appellants. John H. Ragsdale and Ed. Haltom, for appellee.

COBBS, J. This suit was instituted by Mrs. Addie Smith, the surviving wife of Alfred Smith, deceased, to recover of defendants in trespass to try title a life estate in the homestead of herself and her deceased husband. The defense was general denial, innocent purchasers, improvements in good faith, and prayer to be subrogated to the rights of lienholders discharged by them.

On the trial of the case below, by agreement of counsel, only one issue was submitted to the jury. The charge of the court in submitting that issue is as follows: "At the request of both parties to this suit, this cause is submitted to you upon special issues, and you are instructed to return answer to the following questions: Question No. 1. Did the plaintiff, either before or at the time or since her husband's death, abandon the property in controversy as her homestead? In this connection you are charged that, in order to constitute an abandonment of the home, she must have left said property with a certain definite and fixed intention not to again return to and occupy or use said place as a homestead. If plaintiff, after she left the property, afterwards formed a definite and fixed intention not to again return to and occupy or use the property in controversy as a homestead, this would constitute an abandonment

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

of the homestead. Should you answer that said plaintiff had not abandoned the property in controversy as a homestead, the form of your verdict may be: 'We, the jury, find that the property in controversy was not abandoned by plaintiff as a homestead.' If you find that plaintiff had abandoned said property as a homestead, the form of your verdict may be: 'We, the jury, find that the property in controversy was abandoned by plaintiff as a homestead.' "

Under this charge various errors are assigned. Before disposing of such assignments, we will briefly present the evidence upon the claim of the surviving widow. She and Alfred Smith had been married at his death some eight or nine years. He was a widower when they married, with children. She was a widow, with children. At the time of the marriage, the deceased husband owned the property in question in San Antonio, and she owned a home in San Antonio where she was living with her children. Alfred Smith was a feeble and sick old man, 67 years of age, and she was 53 years old. She assisted in his care and in their support, and they resided together on the homestead in question. They were without means of support, except such as they could earn in a small way by manual labor. He would often go to the country and remain away for weeks. On one occasion, shortly before his death, he went to Wharton and stayed five months. He went off again and again. She had always done her part as a wife, and on more than one occasion nursed him back to health. He would go off not saying when he would return and did not communicate with her while absent. At the time she left her home, he had gone, and she did not know where to or when he would return. She went to her own home to stay a while with her daughter, who was renting it from her. This place was in San Antonio, about a mile from the homestead where she and her husband lived together. Upon meeting her husband on the street, she undertook to speak to him, and he stared at her and would not speak. Shortly afterwards, she went on a visit in Wilson county to visit a daughter there and attend a religious revival, and while there her husband died. The testimony all showed her intention, or at least willingness, to return to the homestead; but she never returned because Nathan Smith was in possession, claiming it under his father's will giving it to him. She says she went away on account of bad treatment, neglect, and nonsupport. Alfred Smith left a will conveying the property to his son, Nathan Smith, and a niece, named Dora Davis. Nathan Smith administered under the will, purchased the interest of Dora Davis, placed his deed on record, erected a house and other improvements on the property, and appellants paid off and discharged the deed of trust and tax liens, and took the property by general warranty deed from Nathan Smith, the son of Alfred Smith, without any knowledge whatever of the homestead claim of Addie Smith. The judgment was in favor of appellee for the possession of said property for her life and for $285 for rents and profits, less a credit for $70 that the court allowed, which it found defendant expended in good faith.

The first assignment of error of appellants is: "The court erred in holding defendants, though innocent purchasers, were not entitled to the property in controversy." And the third, fifth, sixth, seventh, eighth, tenth, eleventh, twelfth, fourteenth, fifteenth, and sixteenth all raise the question of innocent purchaser, improvements in good faith, estoppel, the right to be subrogated to the rights of the state of Texas, and the city of San Antonio for tax payments and for improvements made upon said property.

For the reasons stated hereinafter, we regard that it is not necessary to consider the same, because they were not embraced in the special issue as requested·to be submitted by the defendants.

The second, fourth, ninth, thirteenth, seventeenth, twentieth, twenty-first, twenty-second, twenty-third, twenty-fourth, and twenty-fifth assignments raise the question of the homestead right of the appellee or right to have a life estate therein, and as to whether or not the same had been abandoned by her, and then the question as to whether the court had properly submitted the issue; and the twenty-third questions the charge of the court wherein he told the jury that, before her leaving could be considered as an abandonment, she must have left with "a certain, definite and fixed intention not to again return to and occupy and use said place as a homestead," and to the same effect are assignments 24 and 25.

The eighteenth assigns as error the special charge given by the court, which is as follows: "At the request of plaintiff's counsel, the court charges you as follows, as a part of the law in this case: If Alfred Smith by neglect or mistreatment of the plaintiff caused her to leave the property in controversy, even though she did so with an intention not to return, then her rights to a homestead in the property would continue in said property, and, if you so find the facts, you will find that the plaintiff did not abandon the property."

We will first dispose of all errors assigned, except those that question the issue of homestead.

[1] Article 1331, Rev. Stats. (McIlwaine's), with authorities cited, provides as follows: "The special verdict must find the facts established by the evidence and not the evidence by which they are established; and it shall be the duty of the court. when it submits a case to the jury upon special issues, to submit all the issues made by the pleading. But the failure to submit any issue shall not be deemed a ground for re-

versal of the judgment upon appeal or a writ of error unless its submission has been requested in writing by the party complaining of the judgment. Upon appeal or writ of error, an issue not submitted and not requested by a party to the cause, shall be deemed as found by the court in such manner as to support the judgment; provided there be evidence to sustain such a finding."

This cause was submitted to the jury by request of both parties, and there was absolutely no request by appellant for any special instruction whatever. Nor is there a word or a suggestion made by appellant to explain the omission, or to show to this court any authority for it to consider such assignments.

The evidence showed that Nathan Smith paid the taxes, which, together with the costs of the probate court, amounted to about $200, which he claimed to have borrowed from Wm. Hares, and for this and an additional amount for improvements he gave him a mortgage for $700, secured on the property without notice on the part of the mortgagee of the homestead claim.

This claim would be good against Nathan Smith, and as to his interest, after the life estate terminated, would be enforceable against the property. So also might the tax liens be enforceable by the proper authorities against the property after his death; but, as to any rights asserted under the first assignment, we are not at liberty to consider, for the reason that the issue was not submitted by the court to the jury, to which no exception was taken for that reason, and no special charge requested to cover the point, and therefore all such issues, other than the single one submitted by the court, must be considered waived. Railway v. Botts, 22 Tex. Civ. App. 609, 55 S. W. 515; Whitewright v. Taylor, 23 Tex. Civ. App. 486, 57 S. W. 311; Breneman v. Mayer, 24 Tex. Civ. App. 164, 58 S. W. 733; Western Union Co. v. Seals, 45 S. W. 964; Yeager v. Neil, 26 Tex. Civ. App. 414, 64 S. W. 702, 703; and authorities too numerous to cite on the question.

In this case each party let the case be submitted by the court upon the single issue of the abandonment, and the losing party cannot now, the first time in this court, complain of the error of the court in its failure to submit by the charge other issues. We must decide this case as it comes up on the record, not on an issue attempted for the first time to be made here.

[2] The real question we regard before us to consider is whether or not there was a proper submission of the homestead question to the jury, and that question is raised in various forms, which we now set out:

"Assignment of error No. 17: The court erred in telling the jury, in special charge No. 1 requested by plaintiff, that, if plaintiff was caused to leave property in controversy by neglect or mistreatment of Alfred Smith, such leaving would not be abandonment, even though she did not intend to return.

"Proposition No. 1: A wife has no legal right to abandon her husband for neglect or mistreatment, unless such neglect or mistreatment is of such a character as to entitle her to a divorce.

"Proposition No. 2: Where there is not evidence upon which to base a charge, then it is error to submit an issue not sustained by the pleadings.

"Assignment of error No. 18: The court erred in holding there was evidence giving plaintiff the right to have given to the jury the following charge: 'At the request of plaintiff's counsel, the court charges you as follows, as a part of the law of this case: If Alfred Smith by neglect or mistreatment of the plaintiff caused her to leave the property in controversy, even though she did so with an intention not to return, then her rights to a homestead in the property would continue in said property, and if you so find the facts you will find that the plaintiff did not abandon the property.'

"Proposition No. 1: A wife has no right to abandon her husband for neglect or mistreatment, unless such neglect or mistreatment is of such character as to amount to cruel treatment of the character that would entitle her to a divorce.

"Proposition No. 2: The duties between husband and wife arising under the marriage contract cannot be abandoned for any flimsy excuse, and, before the contract can be disregarded, there must be some act on the part of one entitling the other to have the contract annulled, before such aggrieved person can consider the contract at an end, and cease to perform its duties.

"Proposition No. 3: It is error for the court to submit an issue not sustained by the evidence."

Now, the special charge in effect instructs the jury that if they believe the neglect and mistreatment caused her to leave the property in controversy, if she left with no intention to return, she did not lose her homestead rights. The jury could not have been misled by this charge, for the question of the neglect and mistreatment of the husband was the sole issue left for the jury. There was no question raised and submitted to the jury as to whether the abandonment was a voluntary act on the part of the appellee. If defendant desired that issue presented, there is nothing in the record to show it.

[3] If the wife's treatment is such as to compel her to leave her husband's home temporarily, either from necessity to make a living, or other causes not of her making, she has not lost her rights. Curtis v. Cockrell, 9 Tex. Civ. App. 51, 28 S. W. 130.

The husband was old, and she had nursed him through sickness to health. He would

go from her home and leave her unprotected and to make her own living. He also told her he did not need a wife.

It is said, in Earle v. Earle, 9 Tex. 630: "Where a wife voluntarily abandons her husband for several years, previous to his decease, she forfeits her claim to homestead and widow's allowance. There are many other decisions to the same effect and showing cases where on account of such abandonment she will lose all homestead rights, when the act is voluntary and the cause all her own, or if on account of her infidelity she may have left her home. But where the fault is that of her husband, the rule is different."

In Linares v. De Linares, 93 Tex. 87, 53 S. W. 580, the Supreme Court, speaking through Chief Justice Gaines, said: "But while we think the lot in controversy cannot be held the homestead of the family, and therefore capable of being set apart to the wife as such, we are of opinion that she is entitled to an allowance from the estate in lieu of exempt property, unless, by her separation from her husband, she has forfeited her rights as surviving widow. Has she forfeited her rights? It is clearly incumbent upon the party who claims the benefit of a forfeiture in such a case to establish the facts from which it results."

The appellant in this case failed to establish the facts. The proof was to the effect that the wife did not leave her husband or abandon the home. On the contrary, the husband often left the home and remained away, and it was on one of these occasions, when she was not sure where he was, she went off, not to leave him or abandon the home. He had told her he did not need a wife, had refused to speak to her on the street, and for these and other reasons she went to her daughter's, and we think there was no error in submitting to the jury the issue contained in said special charge, to the effect that they ascertain if she left the property with no intention to return through the "neglect or mistreatment of the plaintiff," for that was the issue to be tried, and there was evidence introduced on both issues.

Assignments Nos. 23, 24, and 25 question the correctness of the court's instruction to the jury in considering the question of abandonment. They are as follows:

"Assignment of error No. 23: The court erred in his charge to the jury wherein he told them that, before her leaving could be considered an abandonment, she must have left with a 'certain, definite, and fixed' intention not again to return and occupy or use said place as a homestead.

"Assignment of error No. 24: The court erred in his charge in using the words 'certain, definite, and fixed' before the word 'intention.'

"Assignment of error No. 25: The court erred in not telling the jury that plaintiff must have left the property in controversy with an intention not to again return, instead of with a 'certain, definite, and fixed' intention not to return.

"Propositions under assignments Nos. 23, 24, and 25: If a person leaves a home with the intention not to return, etc., it is abandonment."

Under these assignments and propositions, the appellant has given no assistance to the court by suggesting a single authority.

[4] In the case of Cline v. Upton, 56 Tex. 322, the court, speaking through Judge Stayton, says: "It is not necessary that absence be continued for a great length of time to constitute abandonment. The fact of removal, coupled with an intention never to return to the homestead, constitutes an abandonment, and nothing less does."

In the case of Gouhenant v. Cockrell, 20 Tex. 98, the court, speaking of abandonment, says: "With a fixed intention not to return, * * * yet it must be undeniably clear and beyond almost the shadow at least of all reasonable ground of dispute that there has been a total abandonment with an intention not to return and claim the exemption."

In Foreman v. Meroney, 62 Tex. 727, the court says: "The homestead, therefore, is not to be likened to prison bounds, within which the family must always remain, but to a sanctuary to which they may always return, and an abandonment is accomplished, not by going away without any intention of returning at any particular time in the future, but by going away with the definite intention never to return at all."

[5] We cannot see any error in this charge. If the rule laid down is erroneous, it is therefore more stringent against appellee, and it is not error that appellant may complain of.

[6] The twenty-sixth and twenty-seventh assignments are as follows:

"Assignment of error No. 26: The court erred in sustaining plaintiff's exception as shown in appellants' bill of exception No. 1.

"Proposition under assignment No. 26: The defendant had a right to plead the facts.

"Assignment of error No. 27: The court erred in sustaining plaintiff's exception as shown in bill of exception No. 2.

"Proposition under assignment No. 27: Defendant had a right to plead the facts."

These assignments are not presented so as to be intelligible at all. We have gone very far already to consider other assignments. There is nothing set out in the brief to show contents of petition complained of, or how or in what way the appellant suffered any injury. It is our preference to consider every question raised, when we can; but we cannot take the time of the court in searching out the record for all the suggestions of a possible error.

We have considered all the errors assigned, and find no reversible error, and they are all overruled. The case was fairly submitted to the jury upon the special issues, and their verdict is binding upon this court, and the judgment of the court is affirmed.