**KORN v. KORN et al.** (No. 1052—5256.)

Commission of Appeals of Texas, Section B.
April 10, 1929.

Fogle & Gentry, of Houston, for plaintiff in error.

King & Wood and H. G. Butts, all of Houston, for defendants in error.

LEDDY, J. Hulda Korn, plaintiff in error, and Louis Korn, defendant in error, were married on October 15, 1915, and lived together as husband and wife until about December 21, 1918. After they had ceased living together Louis Korn sued his wife for divorce. Judgment was entered denying such divorce. Thereafter on July 26, 1920, Louis Korn conveyed to his son Oscar Korn property which had been used and occupied by Korn and wife as a homestead, the same being his separate property.

Thereafter Mrs. Korn filed suit against her husband and his son, Oscar Korn, in which it was alleged that the property conveyed was the homestead of herself and husband; that the conveyance was fraudulently made without her joinder for the purpose of defeating her rights in said property, and a decree canceling such deed was sought. She also prayed judgment for the possession of the property as a homestead during the continuance of their marriage relation, and asked

judgment against defendants in error for the portion of the rentals on such property during the time of her dispossession.

Defendant in error Oscar Korn pleaded, among other defenses, that, if the property in question had ever been a homestead, Louis and Hulda Korn had in good faith abandoned same prior to his purchase thereof.

Thereafter, on July 11, 1925, defendant in error Louis Korn again filed suit for divorce against Hulda Korn, who filed a cross-action in which it was alleged she was entitled to a divorce. This suit was consolidated with the one filed by Hulda Korn, and the consolidated case was tried to a jury.

After the pleadings were read, the testimony of Louis Korn and Hulda Korn was introduced in reference to the right to have a divorce granted, and plaintiff in error Hulda Korn's witnesses were heard in her suit against her husband and Oscar Korn involving her property rights. The court, without hearing further testimony, announced the conclusion that Louis Korn was not entitled to a divorce under his petition and the evidence adduced, but that Hulda Korn, on her cross-petition, was entitled to be granted a divorce, but she was not entitled to any of the relief sought against Oscar Korn. The court thereupon withdrew the case from the jury, discharged the jury, and rendered judgment accordingly.

After judgment was entered, plaintiff in error seasonably filed a motion for new trial, which was overruled, and appeal was duly prosecuted to the Court of Civil Appeals.

The Court of Civil Appeals declined to consider the case on its merits, holding that plaintiff in error waived any right she had to complain of the court's action in withdrawing the case from the jury by not taking proper exception thereto at the time.

We think the Court of Civil Appeals was in error in refusing to consider the assignments of error based upon the grounds presented in plaintiff in error's motion for a new trial.

■ It has been repeatedly held in this state that, where a peremptory instruction is given by the court at the conclusion of the evidence, the failure of the party against whom the instruction is given to except to the court's charge is not a waiver of his right to have the court's action reviewed, if the same is properly complained of in the motion for new trial. Walker v. Haley, 110 Tex. 50, 214 S. W. 295; Henderson & Grant v. Gilbert (Tex. Civ. App.) 171 S. W. 304; Harlington Land & Water Co. v. Houston Motor Car Co. (Tex. Com. App.) 209 S. W. 145.

■ If a party is entitled to complain of a peremptory instruction, without taking exception at the time such instruction is given, by complaining thereof in his motion for a new trial, we see no reason why he should not be allowed the same privilege when the court concludes there is no issue of fact to be submitted to the jury, and reaches the same result, so far as the parties are concerned, by discharging the jury and rendering judgment upon what he concludes to be the undisputed facts. As a matter of fact, when the court concludes that a plaintiff has failed in the testimony adduced to present an issue of fact for the determination of the jury, there are two courses which may be pursued: First, to peremptorily instruct the jury to return a verdict for the defendant; and, second, to discharge the jury and enter a judgment in defendant's favor. Whichever course is adopted, the result is exactly the same. The reason for the court's action and the result to the litigants are identical in either case. If a party is given the privilege of complaining of the action of the court in the motion for a new trial in the one instance, we perceive no sound reason for denying the privilege of following the same procedure in the other.

■ If it be conceded, however, that where the court concludes the evidence offered by plaintiff does not present an issuable fact, discharges the jury, and renders judgment for the defendant is a trial before the court, it would not be essential to a right of review of the court's action to except to the action of the court at the time of the rendition of such judgment. The right to assign error under such circumstances could be preserved by proper complaint made in the motion for new trial. It has been uniformly held that, where a case is tried before the court, without the intervention of a jury, it is not necessary to except to the judgment of the trial court if the same is properly assailed in a motion for new trial. Connell v. Nickey et al. (Tex. Civ. App.) 167 S. W. 313; Citizens' National Bank v. Texas Compress Co. (Tex. Civ. App.) 294 S. W. 331.

■ Still another reason exists why the error of the trial court was properly complained of in the motion for new trial, since it is an error as to the judgment entered which appears of record independent of a bill of exceptions. The judgment entry recites: "After the pleadings were read, the testimony of Louis Korn and Hulda Korn was introduced in reference to the right to have a divorce granted in this case and the testimony of plaintiff was heard in the suit of Hulda Korn v. Louis Korn, et al., and it was then announced in open court that it was the court's conclusion that Louis Korn was not entitled to a judgment divorce under his petition and evidence, but that Hulda Korn was on her cross-action entitled to judgment of divorce, and also that Hulda Korn was not entitled to any of the relief sought against Oscar Korn and was entitled to no relief in said suit except a money judgment against Louis Korn in the sum of $470; and being of such opin-

ion, the court thereupon withdrew the case from the jury and discharged the jury and announced that judgment would be entered in the case as aforesaid"—which was accordingly done.

Rule 53 for the district and county courts prescribes: "There shall be no bills of exception taken to the judgments of the court, rendered upon those matters which the common law constitute the record proper in the case as the citation, petition, answer and their supplements and amendments, and motions for a new trial, or in arrest of judgment, and final judgment."

This rule is in keeping with the statute (article 2237), and expressly makes unnecessary a bill of exceptions to the judgment of the court, and the error complained of is a part of and shown in the judgment; no bill is necessary. Upon this ground alone, Judge SPEER concurs in our conclusion that the Court of Civil Appeals should have considered the errors assigned in plaintiff in error's motion for new trial.

The record in this case shows that plaintiff in error properly complained in her motion for new trial of the action of the court in withdrawing the case from the jury and in entering judgment in favor of defendant in error Oscar Korn; the ground of the complaint being that there was sufficient evidence to raise the issue as to whether the property in dispute had been in good faith abandoned as a homestead.

The evidence discloses that Korn and his wife resided upon the property involved from the date of their marriage until the latter part of 1917, at which time they moved to the home of Mrs. Korn's mother in the city of Houston. At the time they moved, they left a portion of the furniture at the old homestead. The defendant in error Louis Korn stayed at Mrs. Korn's mother's home two days and then returned to the home place, where he continuously resided up to the time of the trial. It is shown that on July 26, 1920, he conveyed the property to his son, Oscar Korn, but continued to reside thereon. We think the evidence sufficient to raise the issue as to whether there was an abandonment in good faith of the homestead at the time of the removal therefrom in 1917. While Korn testified that at the time they moved to his wife's mother's home he had no intention of returning and occupying the old homestead, Mrs. Korn swore it was their intention at such time to return and reoccupy

the old homestead. There were other circumstances showing that Korn did not intend to abandon the homestead, consisting of the fact that a part of the furniture was left in the old homestead, and that he remained but two days at the place to which he removed before his return. Also, in the deed by which he conveyed the land to his son, it was recited, in describing the property, that it was the same property which he had continuously occupied as a homestead since 1901.

Conceding the undisputed evidence showed that Korn at the time he removed to his wife's mother's home intended to abandon the family homestead, when he moved back to same and actually occupied it as a homestead, the homestead so established inured to the benefit of his wife. Henderson v. Ford, 46 Tex. 627; Moores v. Wills, 69 Tex. 113, 5 S. W. 677.

The husband, under the Constitution and laws of this state, has the legal right to select the family homestead. Slavin v. Wheeler, 61 Tex. 654. His right to do so, however, is because he is supposed to be the head of the family, and his selection of the homestead is for the benefit of his family as then constituted. So long as the husband, during the existence of the marriage relation, keeps property impressed with the homestead character, it constitutes the wife's homestead, unless she forfeits such right by a voluntary abandonment thereof. The husband will not be permitted to defeat the wife's homestead right by the simple expedient of denying her the privilege of using or occupying the same. Herman v. Smith (Tex. Civ. App.) 141 S. W. 1087; Good v. Good (Tex. Civ. App.) 293 S. W. 621; Wheat v. Owens, 15 Tex. 244, 65 Am. Dec. 164. To so hold would clothe the husband with power to wrongfully deprive the wife of a right guaranteed to her under the Constitution and laws of this state.

For the error discussed, we recommend that the judgments of the trial court and the Court of Civil Appeals be reversed, and the cause remanded for another trial.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals are both reversed, and cause remanded to the district court, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.