[L. A. No. 706. In Bank.—November 1, 1899.]

R. M. REID et al., Respondents, v. ENGLEHART-DAVID-
SON MERCANTILE COMPANY et al., Appellants.

126 527
134 421
126 527
149 689

Homestead—Declaration.—The right of a claimant to select a home-
stead, and impress upon it an exemption from forced sale, must
appear upon the face of the declaration, and its omission cannot
be supplied by extraneous evidence.

Id.—Head of Family.—Where a selection is made by virtue of the
claimant being the "head of a family," it is as necessary to show
that fact in the declaration as any other fact made requisite by
section 1263 of the Civil Code.

Id.—Insufficient Declaration—Acknowledgment.—A declaration of
homestead which merely declares "that I am married, and that
I do now actually reside with my family on that certain land,"
et cetera, without any statement that the claimant is the "head
of a family," and which is only signed by the initial letters of
the christian names of the claimant, so that it cannot be as-
sumed from the signature that the claimant is the husband,
is insufficient as a declaration of homestead; and such defect is
not cured by a recital in the acknowledgment to the declara-
tion, in which the person making the acknowledgment is de-
scribed by the officer before whom it was made by the pro-
noun "he."

APPEAL from a judgment of the Superior Court of San
Bernardino County. Frank F. Oster, Judge.

The facts are stated in the opinion of the court.

Leonard & Morris, E. R. Annable, and T. R. Archer, for Ap-
pellants.

Otis & Gregg, for Respondents.

HARRISON, J.—Suit to quiet title. July 12, 1897, the re-
spondent, R. M. Reid, filed for record with the county recorder
for the county of San Bernardino a declaration of homestead
upon certain real property, and on October 1, 1898, filed an-
other declaration of homestead upon the same property.

The Englehart-Davidson Mercantile Company, one of the ap-
pellants herein, recovered a judgment in the justice's court for
the township of Redlands against the said respondent, and an
abstract of this judgment was filed in the office of the county

recorder September 28, 1898. November 2, 1898, the interest which R. M. Reid had in the above-named real property was sold by the sheriff under an execution issued upon this judgment on October 5th, and the certificate of sale issued thereon was transferred to this appellant. October 13, 1897, a judgment was entered and docketed in the superior court of said county against Reid, and in favor of one Archer, for the sum of three hundred and seventy-five dollars, together with interest and costs, and was afterward assigned by Archer to the other appellants herein. November 17, 1898, Reid and wife brought the present action to quiet their title to said property. Judgment was rendered in their favor, and the present appeal is from this judgment.

The sole question involved upon the appeal is the sufficiency of the selection of homestead in July, 1897. The declaration is as follows:

"I hereby declare that I am married, and that I do now actually reside with my family on that certain land and premises situate in the city of Redlands, county of San Bernardino, state of California, bounded and described as follows, to wit [giving description]; I claim said premises as a homestead. The actual cash value of said premises I estimate to be three thousand dollars.

"Dated this 12th day of July, A. D. 1897.

"R. M. REID."

Section 1237 of the Civil Code defines the homestead to be the dwelling-house in which the claimant resides, and the land on which the same is situated, "selected as in this title provided." It is only a homestead "selected" in accordance with the requirements of the statute that is exempt from execution at forced sale. Section 1260 provides that homesteads of not exceeding five thousand dollars in value may be selected and claimed by any "head of a family," and to the extent of one thousand dollars in value by any other person. By section 1262, a homestead can be "selected" only by "a declaration of homestead," which must be executed and acknowledged in the same manner as a grant of real property is acknowledged, and filed for record; and by section 1263 this declaration of homestead "must contain," in addition to other statements, "a state-

ment showing that the person making it is the head of a family; or, when the declaration is made by the wife, showing that her husband has not made such declaration, and that she therefore makes the declaration for their joint benefit."

There is no statement in the above declaration that R. M. Reid is the "head of a family," nor are there any facts stated therein showing that the declaration was made by the "head of a family." Although it is stated that the claimant is married, it does not appear whether the person who made this statement is husband or wife, and the words "I am married" could with equal propriety have been used by either husband or wife. If "R. M. Reid" be the wife, the declaration is defective in not showing that her husband had not previously made a declaration. (*Booth v. Galt*, 58 Cal. 254.) If that be the name of the husband, the declaration is defective in not "showing" that he is the head of a family. The name appears only in the signature to the declaration, and it cannot be assumed that it is the name of the husband, or even of a male person; nor can any argument be drawn therefrom that the person by whom it was made was the "head of a family."

The right of the claimant to select a homestead, and impress upon it an exemption from forced sale, must appear upon the face of the declaration, and its omission can no more be supplied by extraneous evidence than can an omission to state the value of the property claimed. The legislature has prescribed certain formalities and conditions which are essential to the "selection" of a homestead, and these formalities and conditions cannot be disregarded by courts. When a selection is made by virtue of the claimant being the "head of a family," that fact is as necessary to be shown in the declaration as is the fact of occupancy or of value. We are not at liberty to disregard one of these requisites any more than another. If either is wanting, the declaration is unavailing to create the exemption. (See *Ashley v. Olmstead*, 54 Cal. 616.)

It is urged by the respondent that this defect in the declaration is obviated by the certificate of acknowledgment which is annexed thereto. The certificate is as follows:

"State of California,    } ss.
"County of San Bernardino. }

"On this twelfth day of July, in the year one thousand eight hundred and ninety-seven, before me, Charles E. Truesdell, a notary public in and for the county of San Bernardino, state of California, personally appeared R. M. Reid, known to me to be the person whose name is subscribed to the within instrument, and he acknowledged to me that he executed the same.

"Witness my hand and seal.

"CHARLES E. TRUESDELL,
"Notary Public, et cetera."

It is claimed that from the use therein of the masculine pronoun "he" it must be assumed that the declaration was made by a male person, and that such person was the husband, and therefore the head of a family. The acknowledgment is, however, not a part of the declaration, but it is to be made after the declaration is completed, and the certificate of acknowledgment is not made by the claimant, but is only the statement of the officer before whom the acknowledgment was made. Moreover, as was said in *Berniaud v. Beecher*, 71 Cal. 42: "The use of the pronoun 'he' in the note, mortgage, and certificate of sale can have little if any greater effect than to raise a suspicion that the person referred to was a male and not a female."

The declaration of October, 1898, created no rights in the plaintiffs as against the claims of defendants, for the reason that at that date the defendants had existing liens upon the property. (Civ. Code, sec. 1241, subd. 1.)

The judgment is reversed.

Henshaw, J., Garoutte, J., Temple, J., and Beatty, C. J., concurred.

McFarland, J., dissented.