[Civ. No. 6089.   Third Appellate District.—November 15, 1938.]

THOMAS CATSIFTES, Respondent, v. ETHEL CATSIFTES, Appellant.

R. A. Rogers for Appellant.

C. Ray Robinson, James D. Garibaldi and Willard B. Treadwell for Respondent.

MAXEY, J., *pro tem.*—This is an appeal from an order denying a motion for change of venue. The motion was predicated upon the grounds of residence of the defendant.

The plaintiff and defendant intermarried on June 7, 1936, and established their residence in the county of Merced, state of California, where they lived for approximately twelve weeks. On or about the 6th day of September, 1936, the defendant and appellant returned to the city and county of San Francisco, her former home and former place of residence. On the 31st day of October, 1936, plaintiff and respondent filed a complaint for divorce in the Superior Court of the State of California, in and for the County of Merced. On the 2d day of December, 1936, the defendant and appellant filed in said court a notice of motion for change of venue, motion for change of venue, affidavit of merits, demand for change of place of trial, and a demurrer to the complaint. On March 20, 1937, the motion for change of venue came on regularly for hearing before the court, and at that time, pursuant to stipulation of parties, the oral testimony of the defendant was taken.

The affidavit of merits is in the usual and customary form, and alleges: ''That she was, at the time of the commencement of the above-entitled action, and ever since has

been, and now is, a resident of the City and County of San Francisco, State of California. That affiant has resided in the City and County of San Francisco continuously from approximately the year 1923, up to the 7th day of June, 1936, or thereabouts, when affiant married said plaintiff, and that affiant was away from the City and County of San Francisco for a period of approximately twelve weeks on her honeymoon and vacation, and returned to the City and County of San Francisco, on or about the 6th day of September, 1936, and ever since has been, and now is, a resident of the City and County of San Francisco, State of California.''

The oral testimony of the defendant taken at the time of the hearing was as follows: ''That after the marriage of the parties they established a residence in the County of Merced, State of California, and maintained it for sometime, and at the time of leaving the County of Merced, State of California, it was not the defendant's intention to change her residence, but that she had only temporarily left until the plaintiff regained his health, and that at no time did she intend to abandon her residence in Merced County.''

The trial court thereupon made its order denying the motion for change of place of trial, and subsequently thereto, on April 1, 1937, made and entered a formal order to that effect. On April 10, 1937, the defendant filed a notice of appeal from the order denying motion of defendant for change of venue, and on the same day filed a notice to the county clerk to prepare papers on appeal. The record on appeal was filed on July 6, 1937, in the Supreme Court of the State of California.

On the 3d day of September, 1937, the defendant and appellant filed a notice of motion for order for diminution of the clerk's transcript on appeal in the above-entitled proceeding, and at said time offered to file certain affidavits with the court in support of said motion.

The testimony of the defendant and appellant clearly shows that the residence of the defendant and plaintiff was in the county of Merced, state of California, from June, 1936, to September, 1936; that defendant and appellant returned to the city of San Francisco, on or about September 6, 1936, but that it was not her intention to remove to San Francisco,

but merely to remain there temporarily, and until her husband had regained his health.

The residence can be changed only by the union of act and intent. (Pol. Code, sec. 52, par. 7.) From the testimony of the defendant and appellant, it is clearly evident that her intention was to return to Merced at some future time, and there was therefore not a change of residence within the contemplation of the Political Code.

Considering the affidavit of the defendant and the oral testimony together, and giving to each the broadest possible interpretation, it can result only in a conflict upon the question of fact as to the residence of the defendant.

Under such circumstances the conclusion of the trial court will not be disturbed on appeal. The burden of proving residence is upon the party alleging it, and this burden has not been met by appellant. The motion was therefore properly denied.

The Code of Civil Procedure, section 946, provides: "Whenever an appeal is perfected, as provided in the preceding sections of this chapter, it stays all further proceedings in the court below upon the judgment or order appealed from, or upon the matters embraced therein." The notice of appeal was given on April 10, 1937, and the clerk's transcript on appeal was filed on July 6, 1937. The court was therefore without any authority or jurisdiction to entertain any motion, or to make any order respecting the change of place of trial, concerning which order the appeal had been taken and perfected.

The order appealed from is affirmed.

Pullen, P. J., and Thompson, J., concurred.