[Civ. No. 13264. Second Dist., Div. One. Feb. 26, 1942.]

NORMAN FEINTECH, Appellant, v. ALICE MAY WEAVER et al., Respondents.

182

Edward K. Zuckerman and Arthur Edmund Stein for Appellant.

Don Lake and James R. Jaffray for Respondents.

DRAPEAU, J. pro tem.—The plaintiff seeks to have title to real property quieted in him. This title was acquired at an execution sale, when the property was bid in by the plaintiff as judgment creditor. The defendant Weaver sought to have title quieted in her because of a homestead which she asserted defeated the execution sale. The trial court held that the homestead was good and valid, and judgment was in favor of the defendants, from which judgment the plaintiff has appealed. There is but one question to be determined on this appeal, i.e.: Whether the declaration of homestead is sufficient in form.

When the defendant executed the declaration of homestead she used a printed blank designed for the five thousand dollar homestead provided by our law for the head of a family. She was not the "head of a family" because she was not married, but she was living with an adult son upon the property which she attempted to homestead. It is conceded that the declaration of homestead contains all the recitals prescribed by division 2, part 4, title V, chapter III, of the Civil Code relative to homesteads of a person not "head of a family."

The appellant contends that the additional recital contained in the homestead declaration to the effect that the claimant was head of a family, when in fact she was not, destroyed its effectiveness, made it no declaration of home-

stead at all, and enabled him, therefore, to cause the property to be sold, and to bid it in at an execution sale.

In the recent case of *Greenlee* v. *Greenlee,* 7 Cal. (2d) 579 [61 Pac. (2d) 1157] at page 583, our Supreme Court states, "The homestead laws have always been given a most liberal construction in order to advance their beneficial objects and to carry out the manifest purpose of the legislature." This has always been the rule of construction laid down by our California courts. (*McKay* v. *Gesford,* 163 Cal. 243 [124 Pac. 1016, 41 L. R. A. (N.S.) 303] ; *Estate of Levy,* 141 Cal. 646 [75 Pac. 301, 99 Am. St. Rep. 92] ; *Keyes* v. *Cyrus,* 100 Cal. 322 [34 Pac. 722, 38 Am. St. Rep. 296] ; *Southwick* v. *Davis,* 78 Cal. 504 [21 Pac. 121] ; *Roth* v. *Insley,* 86 Cal. 134 [24 Pac. 853] ; *Simonson* v. *Burr,* 121 Cal. 582 [54 Pac. 87] ; 26 Cal. L. Rev. 241.)

There are California cases in which it would seem that the expressed rule of liberality has not always been followed, particularly in decisions involving homestead declarations, and in which a rather strict compliance with the provisions of the code has been required. Most of these cases have held declarations invalid because of the omission of some one of the matters required by the code to be included in them. (*Jones* v. *Gunn,* 149 Cal. 687 [87 Pac. 577] ; *Ashley* v. *Olmstead* (1880), 54 Cal. 616; *Hansen* v. *Union Savings Bank,* 148 Cal. 157 [82 Pac. 768] ; *Reid* v. *Englehart-Davidson Mercantile Co.,* 126 Cal. 527 [58 Pac. 1063, 77 Am. St. Rep. 206].)

The authority closest in point to the facts we are now considering is *Roth* v. *Insley, supra.* In that case it was contended that the homestead was invalid because a son made a declaration of homestead as head of a family when his only claim to be such was that his mother resided on the property with him. The decision turned upon the main question as to whether the homestead continued after the death of the mother, but in a concurring opinion Mr. Chief Justice Beatty stated: "The declaration of homestead in this case did not show that the claimant was the head of a family. It merely stated that he was, at the date of the declaration, actually residing on the premises with his mother, and altogether fails to state that she was under his care and maintenance, a condition made essential by the statute ... But it was a good declaration for any person other than the head of a family, and sufficient to secure a homestead right of exemption to

the extent of one thousand dollars ... Such being the case, the homestead could not be sold under execution upon a judgment other than one of those enumerated in section 1241 of the Civil Code, without taking the steps prescribed in section 1245 et seq.''

In the case at bar disregarding the recital that the claimant was the head of a family, treating it as surplusage, we have a declaration of homestead which contains every element required by the Civil Code, and which would be upheld without question in any court. To give this effect to the instrument secures to the defendant the right to a home, which the Constitution of our state (article XVII, section 1) enjoins the legislature to protect.

It is therefore concluded that the homestead declaration in this case should be given a liberal construction; that the recital in question is surplusage and unnecessary; and that there was a valid homestead upon the property in question which defeated the attempt of the judgment creditor to take title at an execution sale.

The judgment is affirmed; the appeal from the order denying a new trial is dismissed.

York, P. J., and Doran, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 23, 1942.