[Civ. No. 4682. Fourth Dist. Mar. 17, 1954.]

H. R. HUGHES et al., Appellants v. M. GORLEK et al., Respondents.

McCormick, Moock & McCormick for Appellants.

No appearance for Respondents.

BARNARD, P. J.—This is an appeal from an order granting a change of place of trial.

The first count of the complaint in this action alleged that on January 30, 1952, an account was stated in the county of Tulare by and between the plaintiffs and the defendants finding that $825 was due to the plaintiffs, which amount the defendants agreed to pay. In a second count, it was alleged that within four years last past, and in the county of Tulare, the defendants became indebted to the plaintiffs upon an open

book account in the sum of $825 for services and goods furnished. Both defendants filed a verified answer, denying generally and specifically each and every allegation contained in each count of the complaint, and denying that they were indebted to the plaintiffs in any amount or at all. At the same time the defendants filed a notice of motion for change of venue, together with a motion for change of venue, asking the court to change the place of trial to the Municipal Court of the Los Angeles Judicial District. The notice of motion, which was sworn to, states, among other things, that each of the defendants is a resident of the county of Los Angeles and that the motion will be made and based upon that notice, the affidavit of residence served therewith, and the pleadings in the action. The motion for change of venue mentions only "the defendant," was signed by the "attorney for defendant" and was verified by the defendant husband. It states that "the defendant" moves for this change of trial upon the ground "that he is a resident of the county of Los Angeles," and that this motion is made and based upon the notice of motion filed and upon the pleadings in the action. There was also filed on the same day an affidavit of the defendant husband stating that he is the defendant in the action, that he was at the commencement of the action and now is a resident of the county of Los Angeles and not a resident of the county in which the action was commenced, and this is followed by the usual statement that he has a meritorious defense to the action. The plaintiffs did not file a counteraffidavit, but chose to rely upon the verified complaint. After a hearing the court made the order transferring the case to the Municipal Court for the Los Angeles Judicial District, and the plaintiffs have appealed from that order.

It is first contended that the court erred in ordering a change of venue in the absence of any showing that the defendant wife was also a nonresident of the county where the action was commenced, it being argued that there was no showing of such fact. There was nothing in the verified complaint, which is relied upon by the plaintiffs in opposition to the motion, with respect to the residence of the defendants. The affidavit of the defendant husband stated that he was at the commencement of the action, and now is, a resident of the county of Los Angeles. In the absence of anything indicating the contrary, there is a natural presumption that the residence of the wife is, and has been, the same as that of her

husband. Moreover, it was alleged in the notice of motion, which was sworn to, that both defendants were residents of Los Angeles County. In the complete absence of any showing or claim to the contrary the evidence, with respect to the residence of both defendants, was sufficient to support the court's conclusion and order.

The appellants further contend that the court erred by ordering a change of venue since it appeared that the action was brought in the county where the contract was entered into, and where it was to be performed. It is argued that by alleging that an account was stated in the county of Tulare, and that the defendant became indebted to the plaintiffs in that county on an open book account, they have brought themselves within the exceptions to the usual rule provided for in section 395 of the Code of Civil Procedure. These contentions are without merit. (*Goossen* v. *Clifton*, 75 Cal.App.2d 44 [170 P.2d 104] ; *Crofts & Anderson* v. *Johnson*, 101 Cal.App.2d 418 [225 P.2d 594].) The rules which are controlling here are fully discussed in those cases. In the latter case, among other things, the court said:

"Moreover, to constitute an account stated there must be something more than a showing that a statement setting forth the account is sent to the debtor. There must be an admission of the correctness of that account by the debtor either directly or by acquiescence. So far as the evidence to date is concerned, there is no showing that defendant admitted the account in either way. So, there is no evidenec before the court as to where, if at all, the account actually was stated. Therefore, the court could not determine that as to the account stated Alameda County was the county in which the contract was made or was to be performed."

At best, there was a conflict between the facts alleged in the complaint and those alleged and sworn to by the defendants, and the action of the trial court cannot be disturbed.

The order appealed from is affirmed.

Griffin, J., and Mussell, J., concurred.