TERRELL, Justice.
Homer Saint-Gaudens filed a complaint in equity against Penelope R. Bull (formerly Penelope R. Saint-G&udens) to subject certain real estate, hereinafter referred to as the Cutler property, to the payment of a judgment secured against defendant, hereinafter referred to as Bull. Said judgment was promulgated May 1, 1953 and recorded May 8, seven, days later. Prior to entry of said judgment but during pen-dency. of. the suit, Bull, then unmarried, on May 8, 1953 filed her claim of homestead exemption in and - to the Cutler property. April 29, 1953, Bull executed a warranty deed to appellee Cort,-. describing the-Cutler property. Cort was then-unmarried and-was- known as ' Penelope Saint-Gaudens.' She, Cort, was not designated in the deed as- daughter .'but -the consideration : named was one dollar and natural love and affection. Said deed was- recorded April 30, 1953.
The complaint charges, that the Cutler property was at no time named herein the homestead of Bull and that the conveyance’ to Cort was in fraud of creditors. Ap-pellees answered, admitting the allegations of the complaint except those relating to non-existence of the homestead and those charging- the conveyance to Cort to be in fraud of creditors. The answer flatly de- ■ nied these allegations. On the issues thus *694 made, evidence was taken by the Chancellor who on final hearing found for defendants that the Cutler property was the homestead of Bull and that the deed from Bull to Cort was not to defraud creditors. He accordingly dismissed the complaint with prejudice. This appeal was prosecuted from the final decree.
The only point for determination is whether or not the Cutler property was the homestead of Penelope Bull and if so, whether the conveyance by her to Penelope Cort was made to defraud the appellant, her creditor.
It is not disputed that the Cutler property had been the home of appellees commencing in 1936 and was owned by them jointly and that on July 10, 1952 Augustus Saint-Gaudens, the son of appellant, conveyed his interest in the property to Bull who had previously become head of .the household. It is also not disputed that Bull conveyed to her daughter, Cort, April 29, 1953. The point for determination turns on whether or not there is any showing that Bull, in the meantime, permanently abandoned the property as her home.
Appellees admit that they did not live on the Cutler property from May 1952 - to April 1953 but it is shown that there was sound reason for being away from it at this time and that the leave-taking was not intended as abandonment of the homestead. The divorce case between Bull and her husband was pending at the time, she moved in an apartment because she considered it depressing and improper to live in the house with her husband while such a proceeding was in progress. The divorce was granted July 2, 1952, but the evidence shows that Bull was so emotionally disturbed over that and the immediate marriage of her husband that it was April 1, 1953 before she became reconciled to the situation and returned to her home.
The Chancellor found on this showing that Bull’s absence from the home did not amount to an abandonment of the homestead. We think he was right in so holding. City of Jacksonville v. Bailey, 159 Fla. 11, 30 So.2d 529; Collins v. Collins, 150 Fla. 374, 7 So.2d 443; Hillsborough Investment Co. v. Wilcox, 152 Fla. 889, 13; So.2d 448. Otherwise, the evidence supporting abandonment of the homestead is^ indefinite, largely conjectural and fails to* show any intention on the part'of Bull to do* so. A careful examination of the evidence-reveals nothing but casual comment as basis, to overthrow the decree appealed from.. That is not sufficient.
The judgment of the Chancellor is therefore affirmed.
Affirmed.
ROBERTS, .C. J., and SEBRING and MATHEWS, JJ., concur.