### In the Matter of Andrew DULGARIAN, Bankrupt.
### No. 101205–WB BKCY.

United States District Court
S. D. California,
Central Division.
April 14, 1960.

William J. Tiernan, Los Angeles, Cal., for bankrupt.

Benjamin Chapman, Los Angeles, Cal., for respondent trustee.

Carl Yanow, Sherman Oaks, Cal., amicus curiae.

BYRNE, District Judge.

On August 5, 1959, Dulgarian filed a voluntary petition in bankruptcy and was adjudicated a bankrupt. Thereafter the trustee filed a report and an amended report of exempt property. Although a declaration of homestead has been made and duly filed which, ordinarily, makes such property exempt under California Civil Code, § 1237 et seq., the trustee refused to consider as exempt the resident real property of the bankrupt. The trustee's refusal to treat the property as exempt is based on the contention that the declaration of homestead, as filed by the bankrupt, was defective.

The bankrupt objected to the trustee's report refusing to set aside the resident

property as exempt. The Referee overruled the bankrupt's objections and this petition for review followed.

Section 1263 of the California Civil Code treats of the required contents of a declaration of homestead, and subsection 4 thereof requires "An estimate of their actual cash value." (*i. e.* of the premises). The bankrupt herein used a standard form upon which, after the printed line "That the actual cash value of said property I estimate to be $....", he wrote "3000 Equity". The trustee takes the position that "$3000 Equity" is not the actual cash value, since it is designative only of the value estimated in excess of encumbrances upon the property; that therefore the declarant had not complied with the requirements of a valid declaration of homestead; that these requirements must be literally fulfilled as conditions precedent to a homestead exemption, and that therefore the property is not exempt.

Dulgarian was assisted by an attorney in the preparation of the declaration, and that attorney has filed with this Court a brief as amicus curiae. The position is there taken that "actual cash value" is to be interpreted as the equity of the declarant in the homestead property. That position is based on § 1260 of the Civil Code, which recites that "Homesteads may be selected and claimed * * * By any head of a family, of not exceeding twelve thousand five hundred dollars ($12,500) in actual cash value, *over and above all liens and encumbrances on the property at the time of any levy of execution thereon.*" (Emphasis added.)

It is argued that when §§ 1260 and 1263 are taken in pari materia, the conclusion follows that a declarant's estimate of the actual cash value of the premises ought not to include encumbrances, but rather the equity of the declarant in the premises. The exemption for homestead purposes is $12,500 over and above all encumbrances, so that is what must be contemplated in § 1263, states the amicus curiae. That position

is unsound and does not follow upon a reading of these sections.

While it is true that the amount of encumbrances is deducted from the value of the property in an evaluation of the homestead interest of the declarant, the requirements of the section are that the estimate be of the actual cash value *of the premises.* No reason appears to interpret "premises" as meaning premises less encumbrances. Nor does the reference to § 1260 dictate a contrary analysis. To the contrary, the fact that § 1260 explicitly grants the exemption of a sum over and above encumbrances, leads to the conclusion that, had the legislature intended that a deduction be made for encumbrances under § 1263, it would have so stated explicitly in that section as well. Indeed, it appears that an amendment to that effect was rejected by the legislature in 1945, Statutes 1945, ch. 789, Senate Journal for 1945, p. 2193. The plain meaning of "actual cash value" is market value of the premises, including encumbrances, on the current market. No cogent reason appears to disturb that meaning.

The crucial question in this case remains, *i. e.*, did the declaration of the declarant fulfill the requirements of § 1263? The determination of this question depends upon whether a literal construction is to be applied as insisted upon by the trustee, or whether substantial compliance shall be deemed sufficient.

Divergent lines of authority appear to run through the California case law, some courts insisting that the privilege of the homestead exemption should be granted only to those carefully adhering to the precise demands of the Code, other courts emphasizing the humane considerations underlying the homestead exemptions and construing the requirements in a very liberal fashion.

An early case, Tappendorff v. Moranda, 1901, 134 Cal. 419, 66 P. 491 held to a very strict construction of the requirements. In that case the declarant had stated "that the actual cost value of said property is three thousand dollars." The

Court ruled that actual "cost" value was not actual "cash" value and gave insufficient data from which the current cash value of the property could be determined.

The Tappendorff decision is one of many which have invalidated declarations of homestead for failure—often very technical—to comply exactly with the requirements of the Code. "$5,000 and over" was held to be insufficient as an estimate of value, with the effect of invalidating a declaration of homestead, in Ames v. Eldred, 55 Cal. 136. In Reid v. Engelhart-Davidson Co., 126 Cal. 527, 58 P. 1063, 1064, where the declarant stated "I am married and reside on that land with my family, etc.", it was held that the sex of declarant did not appear, therefore that it was not established, and the Court would not infer, that declarant was the head of the family. See also Morand v. Hoyerdahl, 38 Cal.App. 76, 175 P. 483, Beck v. Soward, 76 Cal. 527, 18 P. 650, Boreham v. Byrne, 83 Cal. 23, 23 P. 212.

There are, however, a large number of cases standing as authority for the contrary proposition. An early, leading, case, for example, is Southwick v. Davis, 78 Cal. 504, 21 P. 121, 122. The disputed estimate in that case was that the property "does not exceed in value the sum of $5,000", and that was held sufficient. The Court announced a doctrine of liberal construction and stated that "substantial compliance" with the Code requirements was all that was necessary:

"Of course it was necessary for the legislature to provide some manner by which one desiring to claim a homestead should make a public declaration of the fact, and designate the particular premises intended to be so claimed. But surely statutory provisions to that end should not be subjected to the rule of strict construction. Statutes for the purpose of carrying out the constitutional command are remedial, and should be liberally, or at least fairly and reasonably, construed. The homestead right is not one to be industriously pinched, and circumscribed, and circumvented, and beaten back. If the facts of an honest homestead claim be present, a substantial compliance with statutory provisions about making the claim public should be deemed sufficient."

See also, stating a rule of liberal construction and substantial compliance, Feintech v. Weaver, 50 Cal.App.2d 181, 122 P.2d 606; Rich v. Ervin, 86 Cal.App. 2d 386, 194 P.2d 809; Santa Barbara Lumber Co. v. Ross, 183 Cal. 657, 192 P. 436; Johnson v. Brauner, 131 Cal.App.2d 713, 281 P.2d 50.

In Lynch v. Stotler, 9 Cir., 1954, 215 F.2d 776, 778, the standard form of declaration was utilized and the estimate of value was left blank as were all of the other blank spaces. The District Court interpreted the declaration as containing an estimate of value of the equity of the declarant, that is, as a statement by declarant that the property was of no value at all in excess of its encumbrances. The Court of Appeals rejected that interpretation of the declaration as inherently illogical and emphasized that the declaration was left almost entirely blank, that the declarant had done little more than say "We want a homestead.", and that to allow the homestead in that case would be unjustifiably to read the requirements out of the statute. The Court stated, however, that "We are bound to and we do accept the idea that the statute should not be too strictly construed."

In Blagg v. Bass, 9 Cir., 1958, 261 F.2d 631, 634, the bankrupt filed a declaration of homestead as a head of the household, although it then developed that he was not qualified as a head of the household. The Referee held that the declaration was not only invalid because the declarant was not the head of a family, but that it was "null, void and of no force or effect". The District Court affirmed. The Circuit Court reversed the lower Court, and held that notwithstand-

ing that declarant was not a head of a household, the declaration was valid for the lesser exemption of one "other than the head of a family". That case offers a clear holding that the rule of liberal construction is to be followed. In re Mapes, D.C.Cal.1954, 120 F.Supp. 316, was explicitly overruled to the extent that its enunciation of the rule of strict construction was inconsistent.

The rule of strict construction has been criticized, e. g., 26 California Law Review 241 (1937), and the tendency of the more recent and better reasoned cases is to distinguish those adhering to the illiberal rule and to follow the "substantial compliance" cases, e. g., Johnson v. Brauner, supra. The cases following the rule of liberal construction are more harmonious with the purposes of the Code. The ends of both the state law of exemptions and the bankruptcy laws can only be frustrated by a technical insistence on the details of the declaration. The purpose of recordation of the declaration, that notice be given of the exemption, is sufficiently accomplished by a substantial compliance, as is the case here, where the declarant has stated his equity as the "actual cash value". [131 Cal.App.2d 713, 281 P.2d 52.] He did not record his declaration in a perfunctory manner, as in Lynch v. Stotler, supra; rather, in evident good faith, and on the advice of counsel, he made the required estimate. That his estimation was of a different valuation than contemplated by the Code ought not lead to the drastic result of the invalidation of the homestead exemption.

The Referee's order overruling the objections to the trustee's report of exempt property is reversed and the Referee is instructed to direct the trustee to file an amended report of exempt property setting aside the homestead to the bankrupt as exempt property.

Counsel for the bankrupt is directed to prepare, serve and lodge a formal order for the Court's signature pursuant to Rule 7 of the rules of this Court, West's Ann.Code.