[Civ. No. 25990. First Dist., Div. Four. Oct. 27, 1969.]

KORET OF CALIFORNIA, INC., Plaintiff and Appellant, v.
CITY AND COUNTY OF SAN FRANCISCO,
Defendant and Respondent.

**COUNSEL**

Taylor & Winokur, Taylor, Winokur & Schoenberg, Samuel Taylor, Robert M. Winokur and John M. Hammerman for Plaintiff and Appellant.

Thomas M. O'Connor, City Attorney, and George E. Baglin, Deputy City Attorney, for Defendant and Respondent.

## OPINION

**RATTIGAN, Acting P. J.**—Koret of California, Inc., a corporation and San Francisco property taxpayer, appeals from an adverse summary judgment entered in its action to recover property taxes paid under protest. The action, and the precedent events which underlie it, are direct consequences of the judgment which ordered issuance of a writ of mandate affecting the property assessment situation in San Francisco, and which we have this day affirmed in *Knoff* v. *City & County of San Francisco,* 1 Cal. App.3d 184 [81 Cal.Rptr. 683]. We refer to that decision (the *"Knoff* decision") for all purposes relevant hereto.

Koret of California, Inc. (hereinafter "plaintiff") commenced the action in October 1967, against the City and County of San Francisco, Joseph E. Tinney as its assessor, its board of supervisors (as such and as its board of equalization) and its tax collector. The action sought recovery of protested taxes paid pursuant to deficiency assessments levied by the assessor upon plaintiff, in 1967, as "escaped assessments" of its personal property for the tax years 1964-65, 1965-66 and 1966-67. The City and County (to whom we hereinafter refer in the singular as "defendant") answered the complaint. Thereafter, both parties moved for summary judgment. Each motion was accompanied by a declaration in its support, to which the opposing party filed no counterdeclaration in either instance. The trial court denied plaintiff's motion but granted defendant's; plaintiff appeals from the ensuing summary judgment entered in defendant's favor on the first, second and third (of four) causes of action set forth in the complaint. (Defendant's demurrer to the fourth cause of action was sustained without leave to amend; the fourth cause of action is not involved on the appeal.)

Plaintiff's position on the appeal is that the escaped assessments, upon the basis of which the protested taxes were paid, were void for various substantive reasons. Defendant, not meeting plaintiff's arguments on their merits, defends the judgment upon the ground that the *Knoff* judgment required it. Neither party has advanced any argument addressed to the fact that this appeal is from a *summary* judgment entered pursuant to section 437c of the Code of Civil Procedure. Having considered the record on appeal in light of this critical fact, we conclude that the law pertaining to summary judgments requires reversal of this one.

On appeal from the summary judgment (plaintiff having filed no affidavit in opposition thereto), the question is whether defendant's affidavit in support of its motion therefor, strictly construed, is sufficient to sustain a judgment in its favor. (Code Civ. Proc., § 437c; *Stationers Corp.* v. *Dun & Bradstreet, Inc.* (1965) 62 Cal.2d 412, 417 [42 Cal.Rptr. 449, 398 P.2d 785]. See 2 Witkin, Cal. Procedure (1954) Proceedings Without

Trial, § 77, p. 1714.) ■ A factual deficiency in the affidavit cannot be remedied by resort to the pleadings, but we may examine the latter in order to define the issues of which the summary judgment disposes without a trial of fact. (*Vallejo* v. *Montebello Sewer Co.* (1962) 209 Cal.App.2d 721, 734-735 [26 Cal.Rptr. 447]; *Michelman* v. *Frye* (1965) 238 Cal. App.2d 698, 702 [48 Cal.Rptr. 142].)

■ In the complaint, plaintiff alleges as follows: In and for the tax years 1964-65, 1965-66 and 1966-67, it duly reported to the assessor concerning its personal property, the assessor made timely assessments thereof, and plaintiff paid the property taxes due and owing in consequence of each such assessment. In 1967 the assessor made "escaped assessments" of the same property for each (and all three) of such tax years. The escaped assessments resulted from the assessor's application to the property, for each year, of "an assessment ratio in excess of that permitted by law and greater than the assessment ratios actually applied by the Assessor to all property within the [City and] County during [each of] the years involved." Plaintiff applied to the board of equalization "for elimination of said escaped assessments," but in April 1967, the board in effect denied it a hearing by rejecting any evidence relative to the application of excessive or discriminatory assessment ratios to plaintiff's property. Subsequently and under protest, plaintiff paid the property taxes levied upon it as a result of the escaped assessments.

In its answer defendant admits many of the salient facts alleged in the complaint, but asserts the sole defense—and does so by stating conclusions of law to the effect—that the assessor's and the board of equalization's treatment of plaintiff were required by the *Knoff* mandate and were taken in compliance therewith. A statement of this defense is the substance of the declaration supporting defendant's motion for summary judgment, which reiterates the same conclusions of law and alleges no facts bearing upon plaintiff's claims that excessive or discriminatory assessment ratios were applied to its property for the tax years in question, or that the board of equalization in effect denied it a hearing upon its application for equalization.

In the *Knoff* decision we held that the city and county and the other public-officer appellants therein could not complain on appeal that the peremptory writ of mandate compelled them to exceed their legal powers, because only a taxpayer, aggrieved by the exercise of such powers, could make this assertion. In its complaint, plaintiff has made itself out to be such a taxpayer. Moreover, it has specifically alleged (1) that the assessment ratios retroactively applied to its property were both excessive and discriminatory and (2) that the board of equalization denied it a hearing on this subject. These are factual allegations which are fairly set at issue in the

pleadings. The declaration in support of defendant's motion for summary judgment alleges no facts whatever with respect to the allegations mentioned; it alleges — as did the answer — only conclusions of law to the effect that the administrative actions of which plaintiff complains were required by the *Knoff* mandate. This contention may, or not, be true. The bare statement of conclusions of law, however, will not sustain the summary judgment which rests upon it. (*Stationers Corp.* v. *Dun & Bradstreet, Inc., supra,* 62 Cal.2d 412 at p. 417; *Callahan* v. *Chatsworth Park, Inc.* (1962) 204 Cal.App.2d 597, 600 [22 Cal.Rptr. 606].)

The *Knoff* decision leaves intact the right of any taxpayer in plaintiff's position to challenge the effect upon it of administrative compliance with the *Knoff* mandate. Having raised such challenge, plaintiff is entitled to prove the factual allegations upon which its position is based. Defendant could conceivably dispose of these allegations by summary judgment, but it has failed to do so on the record before us.

The summary judgment on the first, second and third causes of action set forth in the complaint is reversed.

Christian, J., and Elkington, J.,* concurred.

Petitions for a rehearing were denied November 26, 1969, and the petitions of the appellant and the respondent for a hearing by the Supreme Court were denied December 17, 1969.

---

*Assigned by the Chairman of the Judicial Council.