**In re Terrance L. LAWLEY, Debtor.**

**Bankruptcy No. 90–27297–B–7.**

United States Bankruptcy Court, E.D. California.

July 12, 1991.

Michael W. Cooper, Cooper & Morris, Fairfield, Cal., for debtor.

Kelli I. Lyerla, Napa, Cal., pro per.

## MEMORANDUM DECISION SUSTAINING OBJECTION TO CLAIM OF HOMESTEAD EXEMPTION

DAVID E. RUSSELL, Bankruptcy Judge.

Creditor Kelli Lyerla ("Kelli"), the former wife of Debtor Terrance L. Lawley ("Terry"), has objected to the amount of the homestead exemption claimed by Terry. She disputes his contention that he is a "member of a family unit," which is the basis of his claim for the enhanced amount of his claim.

### FACTS

When their marriage was dissolved in 1987, Terry and Kelli were awarded joint custody of their minor children, Erin, born on January 14, 1982 and Jake, born on March 12, 1984. The residence, which is the property presently claimed as a homestead, was granted to Terry as his sole and separate property. Since physical custody of the children was to be shared "as evenly as possible," neither parent was awarded child support payments. This arrangement was changed in January of 1990 (the written order was not filed until March 12, 1990) when the Solano Superior Court awarded Kelli "primary physical custody" of the children, although each party retained joint legal custody. Terry was granted visitation for the first three weekends of each month, the first three and the last three weeks of the nine weeks of summer vacation, and alternating holidays, which he contends represents 38% of a year. Terry was also ordered to pay $225.00 per month plus 24% of Kelli's child care expenses as child support commencing February 15, 1990.

In his declarations in support of his exemption claim, Terry states that the children each have their own room, clothes, toys, bicycles, and pet kittens at his homesteaded residence, and that "while the children have known this as their home for nearly four years," their mother has moved several times. Terry had not paid any of the child support ordered by the Solano County Superior Court when he filed his bankruptcy petition on November 9, 1990. He claimed a $45,000.00 homestead exemption on his residence under the provisions of California Code of Civil Procedure §§ 704.710 through 704.730 [1].

---

1. All statutory references are to the California Code of Civil Procedure (West 1987 & Supp. 1991) unless otherwise noted.

## DISCUSSION

■ § 704.730, insofar as is relevant to this case, provides that

(a) The amount of the homestead exemption is one of the following:

(1) Thirty thousand dollars ($30,000) unless the judgment debtor ... is a person described in paragraph (2) ...

(2) Forty-five thousand dollars ($45,-000) if the judgment debtor ... is at the time of the attempted sale of the homestead a member of a family unit, and there is at least one member of the family unit who owns no interest in the homestead ...[2]

There is no contention that the minor children own an interest in Terry's residence, so it is clear that his children can qualify him for the $45,000 exemption. The filing of the bankruptcy petition can be equated to "the time of the attempted sale of the homestead," since a debtor's exemptions are determined as of the date of filing. *In re Knudsen*, 80 B.R. 193, 196 (Bankr. C.D.Cal.1987).

The term "family unit," which first appeared when the California Legislature revised the statutory scheme for the enforcement of judgments in 1982, is defined in § 704.710(b) as

(2) The judgment debtor and at least one of the following persons who the judgment debtor cares for or maintains in the homestead: (A) The minor child ... of the judgment debtor.

Prior to the 1982 revision, the qualifying phrase employed for enhancing a homestead exemption was "head of a family", defined in the California Civil Code at § 1261, which provided, in relevant part:

The phrase "head of a family" as used in this title, includes within its meaning:

...

(2) Every person who has residing on the premises with him or her, and under his or her care and maintenance, either:

(a) His or her minor child ...

California Civil Code § 1261 (West, 1982, repealed 1982, effective July 1, 1983). The change in terms from "head of family" to "member of a family unit" was not intended by the Legislature to change the substance of the qualifying provisions. [16 Cal.L.Rev.Comm.Reports 1421 (1982)]. There is no further legislative history and no California cases interpret "member of a family unit".

■ The words "care for", as used in the context of the homestead statutes and in family law, are more synonymous with the attributes of physical custody, whereas the word "maintains" is more analogous to legal custody and financial responsibility. Both clearly contain within them the concept that the qualifying individual is a dependent of the homestead claimant. The prepositional phrase "in the homestead" modifies both "cares for" and "maintains" and is obviously intended to convey the same meaning as the words "residing on the premises with him or her". The words "family unit" connote a group of related people living together at home.

A person's residence, or home, is the *raison d'etre* of the homestead exemption.

"Homestead" means the principal dwelling (1) in which the judgment debtor ... resided on the date the judgment creditor's lien attached to the dwelling, and (2) in which the judgment debtor ... resided continuously thereafter until the date of the court's determination that the dwelling is a homestead. § 704.710(c) (emphasis added).

If the homestead exemption is increased because another person, who happens to be a dependent of the debtor claimant, resides "in the homestead", then it seems to follow that the homestead premises should be "home" to the dependent as well.

Although it did not state the issue in terms of the above conclusion, the case of *Blagg v. Bass*, 261 F.2d 631 (9th Cir.1958) does not imply a contrary analysis. Its facts, involving a bankrupt debtor and de-

---

**2.** The amounts were increased to $50,000 for a single person and $75,000 for a member of a family unit in 1990, effective January 1, 1991. (Stats.1990, c. 155 (A.B.2562), § 1.)

cided under former Civil Code § 1261, are close to the facts in this case. In *Blagg* the debtor's minor daughter resided with him during the summer months and he sent sporadic support payments to the child's grandmother with whom the child resided during the school months. The bankruptcy referee upheld the trustee's objection to the debtor's entire homestead exemption claim. On appeal, the Ninth Circuit accepted the referee's findings that there was insufficient evidence to support the debtor's claim to an enhanced exemption as the "head of a family", but reversed the denial of the lesser exemption amount then available for a single person. The court did not attempt to analyze the statutory phrases of concern in this case in reaching its decision.

It may be that the plain language of the homestead statutes and the holding in *Blagg* do not require a finding that the primary residence of his dependent children be at the homestead premises in order to qualify Terry for an enhanced exemption. On the other hand, it is clear that the statutes preclude more than one exemption per claimant (see *e.g.*, § 704.710(c), *supra;* § 704.720(c), spouses residing separately entitled to only one exemption; and, § 704.-990(a), a second declaration of homestead is an abandonment of a prior declared homestead). Furthermore, if a dependent need not have a primary residence, then it logically follows that he or she may qualify more than one homestead exemption for an enhancement[3]. Such a result not only violates the principle of one exemption per person, but also the principle of one exemption per dependent, which is so clearly recognized in income tax law[4]. There is no reason to suppose that the Legislature intended to so expand the "family unit" homestead exemption, even in this day and age of the non-nuclear family. Like the income tax one dependent-one exemption rule, a court should examine the facts and circumstances and decide that a homestead should be enhanced only when the homestead is also the home of the qualifying dependent.

Both Terry and Kelli agree that she has primary physical custody of the children and that they reside with her more than one half of the time. This makes her the parent who "cares for" the children most of the time. Terry's failure to pay any court ordered child support precludes a conclusion that he "maintains" the children. Since this court holds that qualification as a "family unit" is determined by the minor children's principal domicile, and finds that Terry's minor children's principal residence is with their mother, the objection to the claim of a homestead exemption in the sum of $45,000.00 will be sustained. A claim in the sum of $30,000 will be allowed.

---

**3.** In the case of divorced parents with one minor child, for example, the child could conceivably qualify each parent's homestead for an enhancement.

**4.** 26 U.S.C. § 151 allows a taxpayer to claim an exemption for a dependent. 26 U.S.C. § 152 defines "dependent" as one over half of whose support is provided by the taxpayer. Subsection (e), which deals with dependent children of divorced parents, provides that the parent with whom the child spends more than half the time may claim the exemption absent strong evidence that the other parent actually provides more than half of the financial support. In all events, only one exemption is allowed for each dependent. California law is the same. Cal. Rev. & Tax Code §§ 17054 and 17056 (West 1983 & Supp.1991).