FILED

NOT FOR PUBLICATION

JUL 31 2012

SUSAN M SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | | |
|---|---|---|
| In re: | ) | BAP No. ID-11-1495-HJuMk |
| | ) | |
| RANDAL SCOTT BANKS and DEBRA LOUISE BANKS, | ) | Bk. No. 11-20008 |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| RANDAL SCOTT BANKS; DEBRA LOUISE BANKS, | ) | |
| | ) | |
| Appellants, | ) | |
| | ) | |
| v. | ) | **M E M O R A N D U M**[1] |
| | ) | |
| WASHINGTON TRUST BANK; C. BARRY ZIMMERMAN, Chapter 13Trustee, | ) | |
| | ) | |
| Appellees. | ) | |
| _____ | ) | |

Argued and Submitted on June 14, 2012
at Boise, Idaho

Filed – July 31, 2012

Appeal from the United States Bankruptcy Court
for the District of Idaho

Honorable Terry L. Myers, Chief Bankruptcy Judge, Presiding

---

Appearances:     Cameron Lee Phillips, Esq. argued for the Appellants; Bruce A. Anderson, Esq. of Elsaesser Jarzabek Anderson Elliott & Macdonald, CHTD, argued for Appellee C. Barry Zimmerman, Chapter 13 Trustee; Michael A. Roozekrans, Esq. argued for Appellee Washington Trust Bank.

---

Before: HOLLOWELL, JURY, and MARKELL, Bankruptcy Judges.

---

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

The debtors appeal an order of the bankruptcy court that disallowed their homestead exemption claim. We AFFIRM.

## I. FACTS

Randal and Debra Banks (the Debtors) filed a chapter 13 bankruptcy petition on January 4, 2011. At the time of filing, they lived at a home situated on five acres of real property located on Linzy Lane in Athol, Idaho (Linzy Lane). The Debtors' schedules revealed that Linzy Lane was over-encumbered. It was valued by the Debtors at $250,000. Bank of America held a first deed of trust in the amount of $263,933 and a second deed of trust in the amount of $54,028.92.

In addition to owning Linzy Lane, the Debtors owned a 50% interest in a commercial building in Pinehurst, Idaho (Pinehurst). The Debtors valued their interest in Pinehurst, which is unencumbered, at $100,000. The Debtors and their business associate rent Pinehurst to Real Life Ministries (the Church) for a monthly rent of $2,630. The Church's lease ran through May 2012 with options for renewal. However, according to the Debtors, the Church wanted a location with more adequate parking and told the Debtors it did not intend to renew the lease after it expired.

Just prior to filing bankruptcy, on December 22, 2010, the Debtors executed and recorded a declaration of abandonment of homestead on Linzy Lane. At the same time, the Debtors also executed and recorded a declaration of homestead on Pinehurst (Declaration). The Declaration stated that the Debtors "intend to reside [at Pinehurst] in the future." On their bankruptcy Schedule C, the Debtors claimed a $100,000 homestead exemption

for Pinehurst.

On January 19, 2011, the Debtors' filed their chapter 13 plan. The chapter 13 plan proposed to pay Linzy Lane's first mortgage directly to Bank of America (on which they were current) and "strip-off" the second mortgage as wholly unsecured. They did not propose to surrender Linzy Lane. Indeed, the Debtors continue to reside there.

At the § 341 meeting of creditors held February 4, 2011, the Debtors testified that they did not, at the time, intend to move to Pinehurst. They stated that if they lost the rental income and were unable to re-lease the space, they would have to consider leaving Linzy Lane for Pinehurst. Thus, they stated that, "If we can't maintain our house, we might have to [move to Pinehurst]." Based in part on this testimony, the Trustee filed an objection to the Debtors' homestead exemption for Pinehurst. Washington Trust Bank (Washington Bank) joined in the objection.

An evidentiary hearing was held on July 6, 2011. At the hearing, Mr. Banks testified that the Debtors intended to reside at Pinehurst if the rental income was lost. Mr. Banks acknowledged that Pinehurst was not zoned for residential living and was not available for occupancy until at least June 2012. He testified that the Debtors had not taken steps to re-zone Pinehurst in order to reside there. However, the Debtors provided photographs of Pinehurst and asserted that Pinehurst was ready for residential habitation given that the Church had facilities for restrooms, an industrial kitchen, and various rooms that could be used as bedrooms.

Additionally, the evidence revealed that the Debtors

-3-

obtained the benefit of a homeowners exemption for Linzy Lane for tax purposes; however, the Debtors did not request a similar tax exemption for Pinehurst.

On July 28, 2011, the bankruptcy court issued its ruling on the objection, finding that "several probative factors . . . impeached the legitimacy of the debtors' stated and declared subjective intent" to reside at Pinehurst and, therefore, they were not eligible to claim a homestead exemption for it. Hr'g Tr. (July 28, 2011) at 14-15. On August 8, 2011, the bankruptcy court entered its order sustaining the objection of the Trustee and Washington Bank and disallowing the exemption. The Debtors timely appealed.

## II. JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(B) and 28 U.S.C. § 1334. We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUE

Did the bankruptcy court err in determining that the Debtors were not entitled to claim a homestead exemption for Pinehurst?

## IV. STANDARDS OF REVIEW

We review a bankruptcy court's conclusions of law de novo and its factual findings for clear error. Hopkins v. Cerchione (In re Cerchione), 414 B.R. 540, 545 (9th Cir. BAP 2009); Kelley v. Locke (In re Kelley), 300 B.R. 11, 16 (9th Cir. BAP 2003). Questions of a debtor's right to claim an exemption are questions of law subject to de novo review. In re Kelley, 300 B.R. at 16. However, the issue of a debtor's intent to reside on the property claimed as exempt is a question of fact reviewed under the

-4-

clearly erroneous standard. <u>Id.</u>; <u>In re Moore</u>, 269 B.R. 864, 869 (Bankr. D. Idaho 2001).

A finding is clearly erroneous if it is "illogical, implausible, or without support in the record." <u>Retz v. Samson (In re Retz)</u>, 606 F.3d 1189, 1196 (9th Cir. 2010) (citing <u>United States v. Hinkson</u>, 585 F.3d 1247, 1261-62 & n.21 (9th Cir. 2009) (en banc)).

## V.  DISCUSSION

Property that may be exempted from the bankruptcy estate is set forth in § 522(b)(1).  Idaho has opted out of the federal exemption scheme and permits its debtors only the exemptions allowable under state law.  11 U.S.C. § 522(b)(2), (b)(3)(A); Idaho Code (I.C.) § 11-609 (debtor may exempt from property of the estate only such property as is specified under the laws of this state).  Therefore, while "the federal courts decide the merits of state exemptions, . . . the validity of the claimed state exemption is controlled by the applicable state law." <u>In re Kelley</u>, 300 B.R. at 16; <u>Thorp v. Gugino (In re Thorp)</u>, 2009 WL 2567399, *3 (D. Idaho, Aug. 12, 2009); I.C. § 11-609.

Idaho law allows debtors to claim a homestead exemption, not to exceed $100,000 in equity, in real property under I.C. §§ 55-1001-1011.  A homestead "consists of the dwelling house or the mobile home in which the owner resides or intends to reside." I.C. § 55-1001(2).  There are two methods of creating a homestead exemption in Idaho.  An automatic homestead exemption is created for property described as a homestead under I.C. § 55-1001 from and after the time the property is occupied as a principal residence by the owner.  I.C. § 55-1004(1).

Alternatively, a property owner may establish a homestead for exemption purposes by declaration. Id.; I.C. § 1004(2). To declare a homestead in "unimproved or improved land that is not yet occupied as a homestead," the property owner must execute and record a declaration establishing his or her intent to reside on the property in the future. Id.; I.C. § 55-1004(3). Additionally, if the owner also owns another property on which he resides, he must record a declaration of abandonment of homestead for the other property. I.C. § 55-1004(2).

The Debtors complied with these requirements. They properly abandoned their claim to an automatic homestead exemption for Linzy Lane and recorded the Declaration to establish Pinehurst as their future homestead. However, the Trustee and Washington Bank contend that, despite what they said in the Declaration, the Debtors do not intend to reside at Pinehurst. Thus, the Trustee and Washington Bank assert that the Debtors failed to meet the requirements for claiming a homestead exemption under I.C. § 55-1001(2) ("Property included in the homestead must be actually intended or used as a principal home for the owner.").

A debtor's entitlement to an exemption is determined based upon facts as they existed at the time the petition is filed. In re Cerchione, 414 B.R. at 548; Culver, LLC v. Chiu (In re Chiu), 266 B.R. 743, 751 (9th Cir. BAP 2001) (citing White v. Stump, 266 U.S. 310, 313 (1924)); Cisneros v. Kim (In re Kim), 257 B.R. 680, 685 (9th Cir. BAP 2000); In re Thorp, 2009 WL 2567399, at *3. The issue in this case is whether the Debtors actually intended, at the time of filing, to use Pinehurst as their primary residence. Although the Debtors declared they

intended to reside at Pinehurst, the bankruptcy court found that there were "impeaching and contradictory facts" that demonstrated they had "no present intention to leave [Linzy Lane]." H'rg Tr. (July 28, 2011) at 12-13.

For example, the Debtors continued to reside at Linzy Lane postpetition and continued to pay the first mortgage without defaulting on any payments. Linzy Lane was central to their chapter 13 plan because they indicated they intended to strip-off the second mortgage. Additionally, Pinehurst was a commercial building, in which the Debtors had only a half-interest. Thus, the bankruptcy court noted that the Debtors had potential liabilities to their business partner for conversion of use or loss of rental income if the Debtors used Pinehurst as a residence. The bankruptcy court also noted that Pinehurst would require a zoning variance for residential use. Pinehurst was not even available until June 2012, at the earliest, if the Church decided not to renew its lease.

The Debtors argue that none of these facts or other evidence put forth by the Trustee or Washington Bank overcame the Declaration and the Debtors' testimony that they intended to reside at Pinehurst.[2] As the Debtors assert in their brief on

---

[2] As the parties objecting to the Debtors' claimed homestead exemption, the Trustee and Washington Bank had the burden of proof to establish that the exemption claim was not proper. Rule 4003(c); In re Cerchione, 414 B.R. at 548. Once the Trustee and Washington Bank produced evidence to rebut the validity of the claimed exemption, the burden of proof shifted to the Debtors to produce evidence establishing that their claimed exemption was valid, even though the ultimate burden of persuasion remained with the Trustee and Washington Bank. Id. at 549.

appeal, "[t]he disagreement is as to what the evidence is capable of showing about subjective intent of the Banks" and "what inferences can be made from the circumstantial evidence presented."

In its ruling, the bankruptcy court made a factual finding that the Debtors, despite what they stated, did not actually intend to make Pinehurst their homestead or permanent residence. The bankruptcy court determined that there were other factors that made their statements regarding their intent not credible. A homestead declaration must be filed in good faith, which is construed as meaning that "'it must speak the truth.'" Wilson v. Arkison (In re Wilson), 341 B.R. 21, 27 (9th Cir. BAP 2006) (applying Washington law); see also, Blagg v. Bass, 261 F.2d 631, 635 (9th Cir. 1958). There must be a "good faith intent to occupy the premises as a homestead and intent must be shown by something more than mere declarations." In re Harris, 2010 WL 2595294, *5 (Bankr. D. Idaho June 23, 2010) (internal citation omitted). After reviewing the record, we conclude that the bankruptcy court's finding that the Debtors did not intend to occupy Pinehurst as their homestead or residence was not illogical, implausible, or without support in inferences from the facts in the record.

As noted by the bankruptcy court, the Debtors failed to provide any evidence that corroborated their intent to move to Pinehurst. There was no evidence that they had researched whether a zoning variance could be obtained in order to reside at Pinehurst, which is located in a strip mall, or, that they had negotiated an arrangement with their business partner to reside

8

at Pinehurst. Mr. Banks testified that because there was no debt on the building, the Debtors would only be responsible for taxes and insurance and therefore, by moving to Pinehurst, they could cut their expenses considerably. But there was no mention of what rent or other payments would be required given the co-ownership of the property.

Furthermore, the Debtors testified that they intended to reside at Linzy Lane "unless something forces [them] out." Mr. Banks testified that if the Debtors no longer had the rental income from Pinehurst, then they would move into the building. In the event they moved to Pinehurst, they would either try to rent Linzy Lane or surrender it at that time. The Debtors acknowledged that they intended to move essentially if no better option came along that would allow them to remain. See In re Harris, 2010 WL 2595294, at *5 ("The intent to reside is equivocal and insufficient to establish a homestead.").

Idaho's homestead exemption statutes are liberally construed in favor of debtors. In re Cerchione, 414 B.R. at 546; In re Kline, 350 B.R. 497, 502 (Bankr. D. Idaho 2005). Nevertheless, we must defer to the bankruptcy court's findings of fact based on credibility. Additionally, "[w]here there are two permissible views of the evidence, the fact finder's choice between them cannot be clearly erroneous." Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 574 (1985). Accordingly, the bankruptcy court's finding that the Debtors did not actually intend to reside at Pinehurst is not clearly erroneous. The bankruptcy court, therefore, did not err in sustaining the Trustee's and Washington Bank's objection to the Debtors' claim of a homestead

9

exemption for Pinehurst.

**VI. CONCLUSION**

The Debtors failed to establish the intent to reside on Pinehurst, which was required to claim a homestead exemption. As a result, we AFFIRM the bankruptcy court's order disallowing the homestead exemption.