**In re Mark D. PUGH, Debtor.**

**Bankruptcy No. 14–03626–MM7.**

United States Bankruptcy Court, S.D. California.

Heard Oct. 23, 2014.

Signed Oct. 24, 2014.

Jeffery S. Styers, Law Offices of Jeffery S. Styers, Escondido, CA, for Debtor.

Kathleen A. Cashman–Kramer, Michael Y. MacKinnon, Pyle Sims Duncan & Stevenson, San Diego, CA, for Trustee.

Richard M. Kipperman, Corporate Management, La Mesa, CA, pro se.

## MEMORANDUM DECISION RE OBJECTION TO EXEMPTION

MARGARET M. MANN, Bankruptcy Judge.

## I. INTRODUCTION

Debtor Mark Pugh ("Pugh") voluntarily filed a Chapter 7 bankruptcy petition on May 6, 2014. As a debtor domiciled in California, Pugh was required to select from the California exemption options instead of the federal exemption options because California has opted out of the federal exemption regime through 11 U.S.C. § 522(b)(2). *See* Cal.Civ.Proc.Code ("CCP") § 703.130; *Drummond v. Urban (In re Urban),* 375 B.R. 882, 888 (9th Cir. BAP 2007).

Under California law, a debtor in bankruptcy may choose from two alternative sets of exemptions: the exemptions available under CCP § 703.140(b), which mirror the federal exemptions, or the regular state law exemptions available in nonbankruptcy situations. *Goswami v. MTC Distrib. (In re Goswami),* 304 B.R. 386, 390 (9th Cir. BAP 2003). Pugh chose the regular state law exemptions which provide a large homestead exemption but do not include a wildcard exemption that could cover any property up to a specified amount. He then claimed as exempt $100,000 equity in his residence located at 8365 Lake Ben Avenue, San Diego, California 92119 (the "Lake Ben Property") under the family unit exemption provided in CCP § 704.730(a)(2).

Creditor Tire's Warehouse, Inc. ("Tire Warehouse") timely objected to Pugh's

family unit homestead exemption contending he was only entitled to the standard $75,000 homestead exemption. It argued that the family unit test applicable to the higher exemption provided in CCP § 704.730(a)(2) requires that Pugh's daughter resides with him at the Lake Ben Property, and that Pugh cannot satisfy this requirements because he shares custody of his daughter.

Tire Warehouse's objection relies on the only reported decision interpreting to date the current family unit definition, *In re Lawley*, 130 B.R. 568, 569 (Bankr.E.D.Cal. 1991). The Court respectfully disagrees with *Lawley's* narrow interpretation of this definition and sustains Pugh's $100,000 exemption for the reasons set forth in this memorandum decision.

## II. FACTUAL BACKGROUND

The evidence of Pugh's family situation before the Court is contradictory because of inconsistencies in the schedules he filed. Pugh's attorney has taken responsibility for this error, which he attributes to a change in his office software, and no bad faith denial of exemption claims are before the Court in any event. The evidence is clear, however, that Pugh pays $250 a month in support for one daughter who is in college and apparently no longer a minor. In addition, Pugh cares for and maintains his younger daughter by having at least partial physical custody of her. The evidence is disputed regarding how much time she lives at the Lake Ben Property, but she at least lives there on the days and weekends when Pugh has custody. While the Court considered whether to conduct an evidentiary hearing to determine whether the Lake Ben Property is Pugh's second daughter's primary residence, it now concludes that this is unnecessary because Pugh without dispute resides at the Lake Ben Property and cares for and maintains his younger daughter there regardless of her residency status.

## III. ILLEGAL ANALYSIS
### A. Jurisdiction

■ The Court has jurisdiction to resolve objections to exemption claims pursuant to 28 U.S.C. § 157(b)(2)(B). *Urban*, 375 B.R. at 887. This Court has authority to enter a final judgment on Tire Warehouse's exemption objection because this action resolves claims to property of the estate and is therefore central to the public bankruptcy scheme. *In re Carlew*, 469 B.R. 666, 672–73 (Bankr.S.D.Tex.2012), *aff'd West v. Carlew*, 2012 WL 3002197, 2012 U.S. Dist. LEXIS 101770 (S.D.Tex., July 23, 2012) (*Stern v. Marshall*, —— U.S. ——, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011) did not limit bankruptcy courts' authority to enter a final order in resolving an exemption objection).

### B. Standard of Review

■ A claimed exemption is "presumptively valid." *Tyner v. Nicholson (In re Nicholson)*, 435 B.R. 622, 630 (9th Cir. BAP 2010). "[I]f a party in interest timely objects, 'the objecting party has the burden of proving that the exemptions are not properly claimed.'" *Id. (quoting* Fed. R. Bank. Proc. 4003(c)). While the allocation of the burden of proof is not at issue in this case since no material facts are in dispute and the issue is purely one of law, the Court recognizes that the availability of exemptions is to be liberally construed in favor of the debtor. *Arrol v. Broach (In re Arrol)*, 170 F.3d 934, 937 (9th Cir. 1999); *In re Gardiner*, 332 B.R. 891, 894 (Bankr.S.D.Cal.2005).

### C. Statutory Analysis

■ A family unit for purposes of qualifying a debtor for the larger homestead

amount is defined by CCP § 704.710(b) to include:

(1) The judgment debtor and the judgment debtor's spouse if the spouses reside together in the homestead.

(2) The judgment debtor and at least one of the following persons who the judgment debtor cares for or maintains in the homestead:

(A) The minor child or minor grandchild of the judgment debtor or the judgment debtor's spouse or the minor child or grandchild of a deceased spouse or former spouse.

■ Statutory interpretation begins with the plain language of the statute. *See Absher v. AutoZone, Inc.,* 164 Cal.App.4th 332, 339–40, 78 Cal.Rptr.3d 817 (2008) (reasoning that the words of the statute are "the most reliable indicator of legislative intent"). A facial reading of CCP § 704.710(b) requires only that the judgment debtor "cares for or maintains" "the minor child" "in the homestead" for the debtor to qualify for the increased family unit homestead exemption. The terms of the statute do not also require that the homestead also be the minor child's primary place of residence.

The predecessor statute to CCP § 704.710(b), which was amended and renumbered in 1982, was considerably more restrictive than the current version. The predecessor statute expressly required the minor child to not only be cared for and maintained but also to reside in the homestead. In addition to changing the qualifying definition from "head of family" to "family unit," the residency requirement for the minor child was expressly deleted in the 1982 amendment. Before then, the predecessor statute to California Civil Code § 1261 provided in relevant part:

The phrase "head of a family" as used in this title, includes within its meaning:

. . .

(2) Every person who **has residing on the premises with him or her, and** under his or her care and maintenance, either:

(a) His or her minor child . . .

California Civil Code § 1261 (West 1982, repealed 1982, effective July 1, 1983) (emphasis added). Under the current family unit definition contained in CCP § 704.710(b), the care and maintenance requirements were preserved but the residency requirement was not. In other words, the legislature changed the plain language of the statute to now only require that the minor child be cared for and maintained in the homestead. Under this less restrictive standard, because it is undisputed that Debtor's second daughter is cared for in the Lake Ben Property at least on the days and weekends he has custody, Pugh and his daughter constitute a family unit qualifying him for the $100,000 exemption.

Although *Lawley,* 130 B.R. at 569, was decided after CCP § 704.710(b) was enacted, it nonetheless read the statute as if it still contained a residency requirement. *Lawley's* conclusion that the homestead must also be the minor child's primary place of residence for the higher exemption to apply was based on its reasoning that one homestead exemption should be available to separated parents who share physical custody of a minor child in part because the tax code only allows one divorced parent to claim an exemption. *Id.* However, tax law and bankruptcy law are two separate and distinct bodies of law, and tax law policy is also not controlling where the plain language if the bankruptcy statute is clear. *See In re Thorvund–Statland,* 158 B.R. 837, 839 (Bankr.D.Idaho 1993) ("In this contest, the Court is confronted with an issue of bankruptcy law, not tax law."); *see also United States*

*v. Fuller (In re Fuller)*, 134 B.R. 945, 947 (9th Cir. BAP 1992) (resolving "an apparent conflict between federal tax law and bankruptcy law . . . in favor of debtors and federal bankruptcy law").

██ *Lawley's* restrictive view of the family unit definition was based on an extrapolation from exemption limitations contained in two other California statutes, CCP § 704.720(c) (spouses residing separately entitled to only one exemption) and CCP § 704.990(a) (a second declaration of homestead is an abandonment of a prior declared homestead). This comparison is not apt since these address different situations than here; *i.e.* allowing only one claim for a married couple and for only one exemption claim to be made by one person at a time. 130 B.R. at 569. Since an exemption claim by the mother of Pugh's child is not before the Court, and Pugh is only claiming one exemption, this comparison is not compelling. While courts should consider "not only the specific provision at issue, but also the structure of the statute as a whole, including its object and policy[,]" *Absher v. AutoZone, Inc.*, 164 Cal. App.4th 332, 339–40, 78 Cal.Rptr.3d 817 (2008), a contrast between exemption provisions applicable to different factual situations is insufficient cause for the Court to depart from a plain meaning interpretation. The Court must respect the plain meaning unless it "would inevitably have frustrated the manifest purposes of the legislation as a whole or led to absurd results." *People v. Belleci*, 24 Cal.3d 879, 884, 157 Cal.Rptr. 503, 598 P.2d 473 (1979).

The Court sees no absurd result if the plain meaning of CCP § 704.710(b) is interpreted to permit separated parents to each claim the higher family unit exemption. Minor children of separated parents must be cared for and maintained in separate residences so there is logic to the distinction drawn by the legislature. It is not the province of this Court to override a child friendly policy choice in favor of higher homestead exemptions for children of separated parents where the statute is clear. *See In re Farrar–Johnson*, 353 B.R. 224, 229 (Bankr.N.D.Ill.2006) ("It is not the courts' place to rewrite the statute, turning it into something they consider more logical, sensible, or conducive to human progress and enlightenment. The sole function of the courts is 'to enforce the statute according to its terms.' ").

██ *Lawley*, 130 B.R. at 569 also gave undue weight to the legislative history of CCP § 704.710(b), which is not necessary when the statute's plain import is clear. *See People v. Cochran*, 28 Cal.4th 396, 400–01, 121 Cal.Rptr.2d 595, 48 P.3d 1148 (2002) (reasoning that "[i]f there is no ambiguity or uncertainty in the language, the Legislature is presumed to have meant what it said, and [the Court] need not resort to legislative history to determine the statute's true meaning"); *America's Servicing Co. v. Schwartz–Tallard (In re Schwartz–Tallard)*, 765 F.3d 1096, 1110 (9th Cir.2014) (reasoning that if legislative history is "at best ambiguous" then it is not sufficient to alter the plain meaning of the statute).

In any event, the legislative history of CCP § 704.710(b) is not inconsistent with its precise terms. *Lawley*, 130 B.R. at 569 focused on the legislative history that the new statute "continues the substances of portions" of the former statute, "replaces the phrase 'head of family' with the phrase 'family unit' and makes clear there is no increased exemption if members of the family unit also own interests in the homestead." 16 Cal.L.Rev.Comm. Reports 1424 (1982). These general statements do not clarify which portions of the former statute were continued in substance, and thus cannot be read to continue a residency re-

quirement that was expressly deleted however.

More pertinent legislative history for the new definition of a family unit confirmed the legislative purpose of the amendments was to broaden, not narrow, the available homestead exemptions. *See* 16 Cal.L.Rev.Comm. Reports 1421 (1982) (explaining that the new statute provides that judgment debtors who care for or maintain "the minor grandchild of a deceased spouse and a child of grandchild of a former spouse are included in the listing," and that "all forms of property for which an exemption could be claimed under the former law and any other property in which the judgment debtor or judgment debtor's spouse actually resides" qualify for the homestead exemption). *See* 17 Cal. L.Rev.Comm. Reports 854 (1983). Not only the plain language but also the legislative objective and policy to broadening the scope of CCP § 704.710 require the Court to allow Pugh the $100,000 family unit exemption.

## IV.  CONCLUSION

Since the facts are undisputed that Pugh resides and cares for his minor daughter in the homestead, CCP § 704.710(b) allows him to claim the full $100,000 family unit exemption under CCP § 704.730(a)(2). This Memorandum Decision will constitute this Court's findings of fact and conclusion under Federal Rule of Bankruptcy Procedure 7052, and Debtor must upload an order consistent with this decision within ten days.